780 A.2d 601

**COMMONWEALTH of Pennsylvania, Respondent,**

**v.**

**Taibu Modamu GRANT a/k/a Bryant Damu Taibu a/k/a/ Tyrone Gramm, Petitioner.**

Supreme Court of Pennsylvania.

Aug. 2, 2001.

## ORDER

PER CURIAM:

**AND NOW,** this 2nd day of August, 2001, the Petition for Allowance of Appeal is granted limited to the following questions as stated therein:

1) Did the Superior Court err in refusing to remand the case for an evidentiary hearing and in ruling that the Petitioner's claims were insufficient, where he was precluded from supplementing the record and perfecting his claims

by this court's very own rulings prohibiting reference to matters outside the record. Specifically, did the Superior Court err in failing to remand on the following issues:

(A) Whether Petitioner is entitled to a new trial because of the prosecutor's failure to disclose a critical criminal history pertaining to its sole identification witness which would have severely impeached his credibility.

(B) Whether trial counsel was ineffective in failing to call available exculpatory witnesses, both of whom would have provided critical testimony contradicting and impeaching that of the prosecution's only identification eyewitness.

2) Did the trial court err in permitting into evidence and then instructing the jury that Petitioner was not licensed to carry a firearm, where this evidence was unsupported in the record, had no relevance, and only caused unfair prejudice.

In addressing question (1), the parties shall also present argument on the following issue:

Should the Court reconsider the practice initiated in *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687, 695 n. 6 (1977), of requiring that "ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant."