787 A.2d 367

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomas J. GORBY, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 3, 2001.

Decided Dec. 31, 2001.

Reargument Denied Feb. 21, 2002.

372

Dennis Paluso, Washington, for Thomas J. Gorby.

Michael Joseph Fagella, Washington, Robert A. Graci, Harrisburg, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal from the denial of post-conviction relief in a capital case.[1] On January 10, 1996 Gorby filed a pro se PCRA petition, which was subsequently amended by counsel and filed on May 30, 1997. The amended petition consisted of 188 pages and 22 claims for relief. The trial court granted a hearing only with respect to the claim that defense counsel was ineffective in failing to investigate and present mitigating

---

1. This court affirmed the conviction on direct appeal at *Commonwealth v. Gorby*, 527 Pa. 98, 588 A.2d 902 (1991).

evidence of Gorby's abusive childhood, his substance abuse and his cognitive impairments. After hearing, the court denied all claims.

The Post Conviction Relief Act, 42 Pa.C.S. § 9543, provides, in pertinent part

### § 9543. Eligibility for relief

**(a) General rule....**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following

\* \* \*

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocent could have taken place.

\* \* \*

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

All of the claims raised by Gorby are controlled by these provisions of the PCRA.

We have classified the nineteen claims raised in this petition into five categories. The first category concerns claims of ineffectiveness of counsel at the guilt phase. In each guilt phase ineffectiveness claim Gorby must demonstrate not

only that he has met the pleading and proof requirements of the PCRA, but also that:

> (1) the underlying claim is of arguable merit; (2) counsel's performance was unreasonable; and (3) counsel's ineffectiveness prejudiced defendant. An appellant cannot obtain post-conviction review of claims previously litigated on appeal by alleging ineffective assistance of prior counsel and presenting new theories of relief to support previously litigated claims.

*Commonwealth v. Chester*, 557 Pa. 358, 733 A.2d 1242, 1251 (1999).

■ Thus, each ineffectiveness claim must conform to:

- the pleading and proof requirements of the PCRA (i.e., the circumstances of the case, the undermining of the truth-determining process, the unreliability of the adjudication of guilt or innocence).
- the requirement that traditional ineffectiveness elements are pled and proved (claim is of arguable merit, performance was unreasonable, prejudice).

■■ None of Gorby's guilt phase ineffectiveness claims is presented in terms of the circumstances of the case and for this reason alone, they must fail. At the guilt phase, the concern with counsel's ineffectiveness is that the ineffectiveness rendered the adjudication unreliable. Thus, any guilt phase ineffectiveness claim [2] must be considered in terms of the circumstances of the case, which at a very minimum, consist of evidence supporting a finding of guilt.[3] Because

---

**2.** Gorby's guilt phase claims of ineffectiveness are: counsel failed to develop and present evidence of Gorby's diminished capacity and mental infirmities; failed to investigate or challenge forensic and medical testimony; failed to adequately voir dire jurors as to whether they were impermissibly biased in favor of the death penalty.

**3.** Among the circumstances of this case are that Gorby was seen drinking with the victim shortly before his death; the victim was displaying a large wad of cash and buying drinks for the whole bar; the victim gave Gorby a ride to another bar, where his dead body was later found in his car; Gorby appeared in the second bar flush with cash, buying drinks for the whole bar, and in possession of a distinctive belt similar to that worn earlier in the evening by the victim, a wallet that

Gorby fails to recite the circumstances of the case, these claims must be denied.

The second category of claims in this PCRA appeal is claims concerning errors committed by the trial court and by the prosecutor.[4,5] One of the requirements of the PCRA with respect to such claims is the pleading and proof:

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S. § 9543, supra. Since none of these issues contains a discussion of whether the issue was previously litigated or waived, or why failure to litigate could not have been the result of any rational strategic or tactical decision by counsel, these claims must be denied. The mere boilerplate allegation that all claims raised in the PCRA petition are to be construed as being claims of ineffectiveness of all prior counsel is insuffi-

---

was similar to that of the victim, and a knife with blood stains on it. Gorby then returned to the first bar, where he appeared with the victim's belt. One witness noticed blood stains on his pants. In addition, Gorby confessed to his girlfriend that he committed the crime. Gorby placed the victim's wallet, belt and leather jacket in a dumpster at a motel where he had been staying with his girlfriend. A motel employee found these items and called police because the name of the victim was embossed on the back of the belt buckle, and the employee had read of the victim's murder in the newspaper. Shortly after police questioned Gorby, he fled the jurisdiction to Texas, where he was later arrested using a false name.

4. Claims of trial court error are that the trial court: failed to provide the jury an opportunity to consider mitigating evidence; erred in admitting evidence of prior convictions as aggravating circumstances; failed to provide a life without possibility of parole instruction; improperly refused to strike for cause jurors biased in favor of the death penalty; issued improper verdict slip and jury instructions with respect to unanimously finding mitigating circumstances.

5. Claims of prosecutorial error are: the prosecutor improperly indicated at the guilt phase that Gorby had a prior record; the prosecutor improperly argued that guilt could be inferred from flight; the prosecutor improperly used peremptory challenges to exclude women; the prosecutor failed to disclose in a timely manner evidence that was material and exculpatory in both the guilt and penalty phases of trial.

cient to cast these claims in an ineffectiveness context. But even if such claims were considered as claims of ineffectiveness of counsel, none is discussed in the circumstances of the case, and each would be denied for that reason alone.

■ The third category of issues encompasses claims that the cumulative errors of the case entitle Gorby to a new trial and that Gorby needs additional discovery. Neither claim is meritorious since it has not been established that any error occurred and also because neither claim is presented in the context of the circumstances of the case or in the context of pleading and proof that the allegations have not been previously litigated or waived or that failure to litigate could not have been the result of any rational strategic or tactical decision of counsel.

Fourth, Gorby asserts that this court erred in failing to provide meaningful proportionality review. This claim is without merit as we have already addressed and denied a similar claim in *Commonwealth v. Gribble*, 550 Pa. 62, 703 A.2d 426, 440'41 (1997).

■ Finally, with respect to penalty phase claims [6] of ineffectiveness of counsel, Gorby asserts that trial counsel was ineffective for not investigating and presenting to the jury evidence that Gorby was intoxicated at the time of the crime, evidence of diminished capacity, and evidence that Gorby experienced an abusive childhood, had a history of drug and alcohol problems, and had organic brain damage. At the PCRA hearing, Gorby presented various affidavits concerning his mental state and history, but he did not present for cross-examination the witnesses who made these affidavits. Although the Commonwealth objected to the admission of these affidavits into evidence without crossexamination of the affiants, and although the PCRA court considered the affidavits only as a proffer, Gorby now attempts to argue from the

6. The penalty phase claims of ineffectiveness of counsel are: counsel failed to develop and present evidence of Gorby's diminished capacity and mental infirmities at the penalty phase; counsel's closing argument at penalty phase was ineffective; counsel was ineffective in failing to object to the state's closing argument at the penalty phase.

affidavits that counsel was ineffective for failing to pursue these matters.

It is well established that trial counsel has an "obligation to conduct a thorough investigation of the defendant's background." *Williams v. Taylor*, 529 U.S. 362, 396, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Trial counsel testified at the PCRA hearing that he was given no reason to perform an investigation into Gorby's mental history. The PCRA found this testimony credible and determined that counsel had no reason to investigate further than he did. The Commonwealth's position is that these witnesses are only the usual collection of expert and character witnesses who are often uncovered after a sentence has been returned.

The Commonwealth points out that the affidavits are not a part of the record in the case, and in the absence of a record, the Commonwealth is unable to respond to the claim that counsel was ineffective for failing to investigate Gorby's mental history and capacity. We agree. Accordingly, we remand the case to the PCRA court for a hearing at which Gorby may present witnesses, who will be subject to cross-examination, on the issues of Gorby's mental history and capacity and trial counsel's failure to investigate.

The PCRA court is affirmed in all respects except that the case is remanded on the issue of counsel's ineffectiveness for failure to investigate and present additional evidence of Gorby's mental history and capacity.

Justice CAPPY files a concurring opinion.

Justice SAYLOR files a concurring opinion.

Justice ZAPPALA concurs in the result.

Justice NIGRO concurs in the result.

Justice NEWMAN concurs in the result.

Justice CASTILLE files a concurring and dissenting opinion.

CAPPY, Justice, concurring.

I join the concurring opinion of Mr. Justice Saylor, for the reasons as more fully set forth in the concurring opinion of this author filed in *Commonwealth v. Lambert,* "" Pa. "", 787 A.2d 327 (Pa.2001).

SAYLOR, Justice, concurring.

Although I join the portion of the opinion announcing the judgment of the Court remanding the case to the PCRA court for an evidentiary hearing respecting Appellant's claim that trial counsel was ineffective in failing to investigate and present certain mitigating evidence during the penalty phase, I depart from the disposition of Appellant's guilt phase claims. The lead Justices decline to address such issues, concluding that they are inadequately developed within Appellant's brief. While I acknowledge that Appellant's brief is deficient in this respect, the Court has only recently addressed counsel's obligation to develop, to the extent possible, the nature of the claim asserted with respect to each individual facet of ineffective assistance of counsel. *See Commonwealth v. Williams,* 566 Pa. 553, 566, 782 A.2d 517, 525 (2001). Particularly, since Appellant's brief in this case was filed before the decision in *Williams,* I would not treat the failure to more fully develop the ineffectiveness claims as fatal to appellate review. In my view, however, Appellant's guilt phase claims would not entitle him to relief, particularly in light of trial counsel's testimony during the post-conviction hearing that Appellant admitted to having committed the crime, which, obviously, limited the avenues for presentation of the defense case. Accordingly, I concur in the result with respect to those claims.

CASTILLE, Justice, concurring and dissenting.

To the extent the Court denies PCRA relief, I concur in the result. I respectfully dissent, however, from the order remanding the case to the PCRA court.

The Court inexplicably remands this matter, which has already been the subject of a PCRA hearing at which appellant's trial counsel testified in response to the claim that he was ineffective in failing to develop and present mitigation evidence, for a further PCRA hearing at which appellant will be permitted to attempt to prove what is alleged in affidavits he has attached to his brief. I disagree with the remand for two reasons. First, the claim that trial counsel was ineffective in this regard is waived under the PCRA since appellant could have raised the claim on direct appeal, but did not. Second, in remanding, the Court simply ignores the fact that the PCRA court passed upon the merits of a **non-waived,** layered version of this ineffectiveness claim. The PCRA court concluded that the claim lacked merit because trial counsel's PCRA testimony revealed that counsel's consultations with appellant and his family revealed no basis for him to pursue a mental health-based defense at the penalty phase; accordingly, appellant "has failed to prove that his trial counsel was ineffective or that his subsequent counsel was ineffective for failing to bring a meritless claim" on direct appeal. PCRA op. at 8. In disposing of the layered claim, the PCRA court apparently accepted appellant's affidavits at face value, noting that trial counsel's testimony "does not conflict with the testimony as proposed in the affidavits." *Id.* at 4. Given this posture of the case, a further hearing would be required only if this Court concluded that the PCRA court erred in finding that counsel were not ineffective for failing to pursue a childhood trauma/mental health mitigation claim, the basis for which was never revealed to counsel by appellant or his family members. Because I cannot agree with the Court's unexplained and apparently arbitrary grant of a remand here, I respectfully dissent.

The Court remands for an ineffectiveness hearing "on the issues of [appellant's] mental history and capacity and trial counsel's failure to investigate." This claim of trial counsel ineffectiveness, however, is waived. "To be eligible for relief under the PCRA, Appellant must ... show that none of the claims raised in his petition has been previously litigated or

waived." *Commonwealth v. Pierce*, "" Pa. "", 786 A.2d 203, 212 (2001). An issue is waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). See *Commonwealth v. Ragan*, 560 Pa. 106, 743 A.2d 390, 395 (1999). Thus, the "very terms" of the PCRA "exclude[ ] waived issues from the class of cognizable PCRA claims." *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 700 (1998).

This Court has repeatedly recognized that, "[i]n order to preserve claims of ineffectiveness of counsel under the PCRA, the claims must be raised at the earliest stage in the proceedings at which the allegedly ineffective counsel is no longer representing the claimant." *Commonwealth v. Kenney*, 557 Pa. 195, 732 A.2d 1161, 1164 (1999), *quoting Commonwealth v. Griffin*, 537 Pa. 447, 644 A.2d 1167, 1170 (1994). *Accord Commonwealth v. Green*, 551 Pa. 88, 709 A.2d 382, 384 (1998) ("It is well-established that a claim of ineffectiveness must be raised at the earliest possible stage in the proceedings at which counsel whose effectiveness is questioned no longer represents the defendant") (collecting cases); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687, 695 n. 6 (1977).[1]

Appellant had a full opportunity to claim that trial counsel's stewardship at the penalty phase was ineffective before finally raising it in this PCRA proceeding. Appellant's retained trial counsel, Daniel Chunko, Esquire, was permitted to withdraw on February 17, 1987, after the trial but before post-trial motions. The Washington County Public Defender, John Lickar, Esquire, (who is now deceased), was appointed to represent Appellant in his post-trial motions and on direct appeal. PCRA op. at 2 n. 2. Obviously, appellant could have raised this claim of ineffectiveness of trial counsel on post-trial motions and on direct appeal, yet failed to do so. Thus, the claim of trial counsel ineffectiveness is waived under the terms

1. This Court recently granted allocatur to determine whether this Court's practice of requiring counsel to raise claims of ineffectiveness at the first opportunity where new counsel enters the case, which began with the footnote in *Hubbard*, should be reconsidered. *See Commonwealth v. Grant*, 566 Pa. 231, 780 A.2d 601 (2001).

of the PCRA. *Pierce,* 786 A.2d at 212 ("Because all of Appellants assignation of trial court error and claims of ineffective assistance of counsel could have been raised in his postverdict motions or on direct appeal, those claims are waived"); *Commonwealth v. Williams,* 782 A.2d 517, 526 (Pa.2001) ("[T]hose claims that were not raised at the earliest opportunity ... would be deemed waived" under 42 Pa.C.S. § 9544); *id.* at 534 (Castille, J., concurring) (same); *Commonwealth v. Marrero,* 561 Pa. 100, 748 A.2d 202, 204 (2000) (Nigro, J., concurring) (pursuant to 42 Pa.C.S. § 9544(b), "Appellant has waived all of his ineffective assistance of trial counsel claims by failing to present them at his first opportunity to do so when his trial counsel no longer represented him, which was on his direct appeal to this Court").

As the PCRA court recognized, appellant also challenged the effectiveness of his subsequent counsel with regard to mental health mitigation evidence. Unlike his claim of trial counsel ineffectiveness, which appellant could have raised on direct appeal, a claim that appellate counsel was ineffective for failing to challenge trial counsel's effectiveness in this regard could not be raised until this PCRA proceeding, which was appellant's "first opportunity to attack the stewardship of his prior appellate counsel." *Marrero,* 748 A.2d at 204 (Nigro, J., concurring). Appellant in fact raises, as a separate claim in his brief, an argument that "all prior counsel were ineffective for failing to raise each and every issue presented herein." Initial Brief of Appellant at 91. This boilerplate argument apparently is intended to raise a distinct Sixth Amendment claim involving direct appeal counsel.

Claims of appellate counsel ineffectiveness are distinct constitutional claims which are governed by the Sixth Amendment test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Smith v. Robbins,* 528 U.S. 259, 285'89, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). *See Williams,* 782 A.2d at 525; *id.* at 535'36 (Castille, J., concurring). Although appellant's boilerplate argument that all prior counsel were ineffective may be enough to require merit review of his claims under this Court's recent precedent,

*Williams,* 782 A.2d at 525'26; *Marrero,* 748 A.2d at 203'04 n. 1, it does not even begin to satisfy the substantive *Strickland* standard with respect to appellate counsel. *See Williams,* 782 A.2d at 534'37 (Castille, J., concurring) (discussing test for counsel ineffectiveness in direct appeal context). Boilerplate allegations have never been sufficient to discharge the affirmative burden to rebut the presumption that counsel was effective. *Pierce,* 786 A.2d at 223; *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332, 1335 (1981) (court will not consider boilerplate claims of ineffective assistance); *see also Commonwealth v. Morris,* 546 Pa. 296, 684 A.2d 1037, 1045 (1996) (speculative claim of ineffectiveness summarily rejected; ineffectiveness claims cannot be raised in vacuum) (citing cases); *Commonwealth v. Hutchinson,* 521 Pa. 482, 556 A.2d 370, 372 (1989) (defendant bears burden of proving allegations of ineffective assistance by submission of relevant proofs); *Commonwealth v. Hentosh,* 520 Pa. 325, 554 A.2d 20, 24 (1989) (same). *Accord Commonwealth v. Ragan,* 538 Pa. 2, 645 A.2d 811, 829 (1994) (boilerplate allegation is no basis for relief in capital PCRA appeal). Accordingly, the claim of appellate counsel ineffectiveness, though not waived, fails on the merits.

In addition to granting an evidentiary hearing on a waived claim, the Court grants the hearing in the face of the PCRA court's finding that the underlying claim of trial counsel ineffectiveness is meritless. The PCRA court heard and credited evidence from trial counsel, who testified and explained why he did not pursue evidence of appellant's alleged childhood abuse and neglect. Trial counsel explained that he was never given any indication by appellant or his family that such a history existed. As the PCRA court summarized in its opinion rejecting this claim:

As [is] evident from [trial counsel's] testimony, he had no knowledge of any of the alleged mental health problems of the Petitioner nor did his lengthy conversations with the Petitioner's mother, the Petitioner's stepfather, or the petitioner himself give any indication that such problems existed. Furthermore, there were no other indications that should have placed trial counsel on alert as to the possibility

of the existence of mental health evidence. The Petitioner's medical and hospital records do not include MRIs or other examinations of the brain. The Petitioner himself spoke articulately and intelligently. He has an IQ of 105. . . . The Petitioner has failed to prove that his trial counsel was ineffective or that his subsequent counsel was ineffective for failing to bring a meritless claim and this claim is dismissed.

PCRA Court op. at 8.

The Court does not explain what deficiency, if any, there is in the PCRA court's substantive analysis, such as to require a remand. I see none. Trial counsel's credited testimony that his consultations with appellant and his family gave him no reason to inquire into this area established that his conduct was objectively reasonable. As the U.S. Supreme Court explained in *Strickland:*

strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a

defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

466 U.S. at 690'91, 104 S.Ct. 2052. Because trial counsel cannot be faulted for failing to divine what was never disclosed to him, direct appeal counsel was not ineffective for failing to discover and pursue this claim. *See Pierce, supra.*

With respect to appellant's other claims, which the Court summarily rejects, I would note that those claims, like the claim discussed above, are waived except to the extent they sound in the alleged ineffectiveness of direct appeal counsel. That version of the claims fails, however, because it is mere boilerplate. I also write separately on this point to address the suggestion in the Concurring Opinion by Mr. Justice Saylor that a dismissal of appellant's remaining claims based upon their inadequate development is erroneous because the brief in this case was filed before this Court's decision in *Williams.* The *dicta* in *Williams* upon which the concurrence relies did not announce or establish the substantive standards governing Sixth Amendment claims of counsel ineffectiveness; those standards have existed all along. Appellant's failure even to address the constitutional standards governing his claims is a perfectly appropriate ground for disposition.