838 A.2d 651

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Larry RUSH, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 13, 2000.

Decided Dec. 18, 2003.

4

8

David Scott Rudenstein, Philadelphia, for L. Rush, appellant.

Hugh J. Burns, Philadelphia, for the Com. of PA, appellee.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

*OPINION*

Chief Justice CAPPY.

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying Appellant, Larry Rush's, petition seeking relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 (hereinafter the "PCRA"). For the reasons that follow, we reverse the order of the PCRA court and remand for an evidentiary hearing.

In June of 1988, a jury convicted Appellant of first-degree murder, robbery, burglary, and possessing an instrument of crime related to the death of Veranica Hands.[1] Following the penalty phase, the jury found two aggravating circumstances—that Appellant committed the killing in the perpetration of a felony, 42 Pa.C.S. § 9711(d)(6), and that Appellant had a significant history of felony convictions involving the use or threat of violence to the person, 42 Pa.C.S. § 9711(d)(9)—and no mitigating circumstances and sentenced Appellant to death. 42 Pa.C.S. § 9711(c)(1)(iv). New counsel represented Appellant in his post-verdict motions and on direct appeal. On appeal, this court affirmed the judgment of sentence. *Commonwealth v. Rush*, 538 Pa. 104, 646 A.2d 557 (1994).

On January 14, 1997, Appellant filed a pro se petition under the PCRA. The court appointed David Rudenstein to represent Appellant on his collateral claims.[2] New counsel filed an amended petition for post conviction review. On March 11, 1998, the PCRA court sent notice to Appellant of its intent to dismiss his petition without a hearing. On May 11, 1998, the PCRA court granted the Commonwealth's motion to dismiss the petition without a hearing. Thereafter, on August 21, 1998, the court issued an opinion pursuant to Pa.R.A.P.1925(a) regarding its dismissal of Appellant's petition. *See, e.g., Commonwealth v. Roy Williams*, 557 Pa. 207, 732 A.2d 1167, 1176 (1999)(matter will be remanded to the PCRA court for further

---

1. The facts underlying Appellant's case are set forth at *Commonwealth v. Rush*, 538 Pa. 104, 646 A.2d 557 (1994).

2. This was Appellant's fourth counsel, since Richard Brown represented Appellant at trial, Louis Savino represented him at post-verdict motions, and Michael Floyd represented him on direct appeal.

10

proceedings where PCRA court has adopted the Common-wealth's brief in its opinion pursuant to Pa.R.A.P.1925(a)). This appeal followed.

In the appeal to this court, Appellant raises seven issues for this court's review.[3] Preliminarily, we note that this court has jurisdiction over Appellant's petition as we directly review the denial of post-conviction relief in death penalty cases pursuant to 42 Pa.C.S. § 9546(d). Further, Appellant timely filed the instant petition as it was his first petition and was filed within one year of the effective date of the PCRA. Section 3(1) Act 1995 (Spec. Sess. No. 1), Nov. 17, P.L. 1118, No. 32.

The Commonwealth asserts that Appellant's claims are waived due to Appellant's failure to identify which provision of the PCRA supports his claims. 42 Pa.C.S. § 9543(a)(2). The Commonwealth also argues that the claims are waived since Appellant failed to "plead and prove" that the claims have not been previously litigated. 42 Pa.C.S. § 9543(a)(3). We acknowledge that this court has denied relief based upon a petitioner's failure to comply with the technical pleading requirements of the PCRA. *Commonwealth v. Gorby*, 567 Pa. 370, 787 A.2d 367, (2001); *Commonwealth v. Rivers*, 567 Pa. 239, 786 A.2d 923 (2001) Nevertheless, in this case, we decline to deny relief on this basis. We emphasize that an appellant must do his utmost to comply with the pleading requirements of the PCRA. Nevertheless, in this instance, although Appellant does not cite a specific section of the PCRA, in his PCRA petition Appellant alleged that he was "victimized by ineffective assistance of trial and appellate counsel, which, in the circumstances of the particular case, so undermined the truth-determining process . . .", indicating that he is asserting that his conviction resulted from the ineffective assistance of counsel pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). Further, our examination of the direct appeal in this matter reveals that the claims Appellant raises herein

3. Although Appellant only raises four issues in the questions presented section of his brief, upon review of his brief it becomes apparent that he is raising seven separate issues.

have not been previously litigated. 42 Pa.C.S. § 9543(a)(3). Accordingly, we decline to find these pleading failures fatal to further review of the instant appeal.

In this case, PCRA counsel is Appellant's fourth counsel. Appellant is presenting a "layered" claim of ineffective assistance of counsel as demonstrated by his pleading in the PCRA petition repeated above, wherein he refers to both trial counsel and appellate counsel ineffectiveness. This court recently set forth the governing standard for "layered" ineffective assistance of counsel claims in *Commonwealth v. McGill,* 832 A.2d 1014, 2003 WL 22227989 (Pa.2003).

*McGill* was the culmination of many years of refining PCRA review. First, in *Commonwealth v. Albrecht* we eliminated relaxed waiver in capital cases for purposes of collateral review. *Albrecht,* 554 Pa. 31, 720 A.2d 693 (1998). Second, in *Commonwealth v. Marrero,* we held that a petitioner has the burden to properly plead ineffectiveness claims in order to be entitled to review under the PCRA. *Marrero,* 561 Pa. 100, 748 A.2d 202 (2000). Third, in *Commonwealth v. (Craig) Williams,* 566 Pa.553, 782 A.2d 517 (2001), we warned practitioners that we would strictly apply the substantive requirements of collateral review and would require a petitioner to prove his ineffectiveness claims related to each layer of representation. *Id.* at 525–26.

In *McGill,* Madame Justice Newman cogently synthesized this case law and explained that when a court is faced with a "layered" claim of ineffective assistance of counsel, the only viable ineffectiveness claim is that *related to the most recent counsel, appellate counsel. See McGill* at 1022. In order to preserve a claim of ineffectiveness, a petitioner must "**plead, in his PCRA petition,**" that appellate counsel was ineffective for failing to raise all prior counsel's ineffectiveness. *Id.* Additionally, a petitioner must "**present** argument on, i.e. develop each prong of the *Pierce*[4] test" as to appellate counsel's deficient representation. *Id.* "Then, and only then, has the petitioner preserved a layered claim of ineffectiveness for

4. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

12

the court to review; then, and only then, can the court proceed to determine whether the petitioner has proved his layered claim." *Id.*

The opinion in *McGill* then elaborated on how a petitioner must present his claim of layered ineffectiveness. We explained that consistent with *Commonwealth v. Pierce,* 567 Pa. 186, 786 A.2d 203 (2001) a petitioner must prove the three prongs of appellate counsel's ineffectiveness. *Id.* at 1022–23. The first prong of the ineffectiveness analysis as to appellate counsel's conduct—arguable merit—is best understood as a "nested" argument. In essence, to demonstrate that a layered claim of appellate counsel's ineffectiveness has arguable merit, the petitioner is required to set forth all three prongs of the *Pierce* test as to trial counsel's action or inaction. *Id.* If the petitioner does not satisfy any of the three prongs as to trial counsel's ineffectiveness, he will have failed to establish an ineffectiveness claim, since a claim of appellate counsel ineffectiveness is merely a derivative claim related to trial counsel's ineffectiveness. *Id.* If, however, the arguable merit prong of appellate counsel's ineffectiveness is established, i.e., the petitioner has established trial counsel's ineffectiveness, the inquiry proceeds to the remaining two prongs of the *Pierce* test as it relates to appellate counsel's ineffectiveness. *Id.* at 1023–24. Thus, as a threshold matter, we must determine whether Appellant preserved his claims.

As discussed above, this court requires that a petitioner properly plead and present his claim in order to preserve the claim and be entitled to review of the claim. *McGill, supra.* In his PCRA petition, Appellant raised the guilt phase and penalty phase claims as both trial and appellate counsel ineffectiveness.[5] Thus, he has pleaded his claims properly. *McGill supra.* Curiously, however, in his brief to this court,

5. The PCRA petition provided that "during the guilty/not guilty phase, the defendant received ineffective assistance of trial counsel, and, later, ineffective assistance of appellate counsel...." The petition also provided that "[t]he defendant received ineffective assistance of trial counsel during the penalty phase and appellate counsel was ineffective for failing to properly raise and brief the said ineffectiveness on appeal...." Amended Petition Pursuant to the Post–Conviction Relief Act, filed on September 17, 1997.

with regard to the guilt phase claim, he presents no argument as to appellate counsel ineffectiveness; in fact, he fails to mention appellate counsel. With regard to the penalty phase claims, he merely appends a "boilerplate" assertion regarding appellate counsel ineffectiveness and does not develop his argument regarding appellate counsel ineffectiveness pursuant to *Pierce*. Thus, Appellant has not presented argument on his claims as required by *McGill*.

Our inquiry does not end at this point, since in *McGill* we recognized that due to confusion surrounding the presentation of "layered" claims of ineffectiveness, "a remand to the PCRA court may be appropriate for cases currently pending in the appellate courts where the petitioner has failed to preserve, by pleading and/or presenting, a layered ineffectiveness claim in a manner sufficient to warrant merits review." *Id.* at 1024. We believe that omissions, such as the ones presented in this case, are specifically the type of presentation defect that the remand provision in *McGill* was created to address.

A remand, however, is not automatically appropriate. The decision in *McGill* also made clear that in the majority of cases, the appellate counsel claim is merely a derivative claim, which is based on the ineffectiveness of trial counsel.[6] The court emphasized that none of the pleading and presentation requirements with regard to appellate counsel relieved a petitioner of pleading, presenting and proving the claim of ineffectiveness of trial counsel. *Id.* at 1024–25. These requirements have existed since *Pierce* and it is settled law that a petitioner must plead and present argument regarding trial counsel's conduct. Specifically, petitioner must assert that the claim is of arguable merit, that counsel had no reasonable trial strategy to pursue the chosen course of action, and that but for the act or omission in question, the outcome of the proceeding would have been different. *Pierce; see also Com-*

---

6. The discussion in this case and *McGill* presume that the underlying claim of trial counsel ineffectiveness is the ultimate basis for relief. Neither case speaks in any way to an instance in which the appellate counsel claim is not merely a derivative claim, but is *the* claim that the petitioner is seeking relief on, i.e., appellate counsel was ineffective for failing to raise a preserved claim of trial court error.

14

*monwealth v. Weiss,* 530 Pa. 1, 606 A.2d 439, 441–42 (1992). If the petitioner has failed to make this pleading or presentation to the court, he has not preserved his claim.

On the other hand, when the petitioner has pled and presented trial counsel's ineffectiveness pursuant to *Pierce,* this court will review the claim to determine whether he has proved trial counsel's ineffectiveness. It is the petitioner's burden to prove all three prongs of the ineffectiveness test. *Pierce,* 527 A.2d at 974; *Weiss,* 606 A.2d at 442. Following *McGill,* where the petitioner has pled, presented, and proved his "nested" claim of trial counsel ineffectiveness, a remand is warranted to give the petitioner an opportunity to correct any errors with regard to the pleading and presentation of his claim of appellate counsel ineffectiveness. Nevertheless, there is simply no need to remand a PCRA petition when the petitioner has not carried his *Pierce* burden in relation to the underlying claim of trial counsel's ineffectiveness, since even if the petitioner were able to craft a perfectly layered argument in support of his claim, the petitioner's claim would not entitle him to relief. In these circumstances, a petitioner would never be able to establish the arguable merit prong necessary for proving appellate counsel ineffectiveness. *McGill* at 1025.

Where there has not been a hearing before the PCRA court, however, the question of trial counsel's ineffectiveness cannot always be resolved before this court. But cf. *McGill* at 1025.[7] In *(Craig) Williams,* we explained that the Pennsylvania Rules of Criminal Procedure provide one additional safeguard. *(Craig) Williams,* 782 A.2d at 526. Rule 909(B)(2)[8] requires a PCRA court to provide a capital defen-

---

7. In *McGill,* this court stated that "we will not permit a remand based on the failure of a PCRA petitioner to thoroughly *plead and prove* a claim that [trial counsel] was ineffective." In *McGill,* however, trial counsel testified at the post-trial motions hearing and his testimony formed the basis for dismissal of the ineffectiveness claims. In this case, we have no such testimony from trial counsel on which to base our analysis.

8. At the time of *(Craig) Williams,* the pertinent criminal rule was Rule 1509(C). Since that time the rules have been renumbered and Rule 1509 is currently Rule 909.

dant with pre-dismissal notice of its reasons for dismissal. *Id.* The rules also provide the petitioner the opportunity to seek to amend any defects of the petition. *Id.* Ultimately, we concluded that the PCRA court and counsel must adhere to these rules and "where dismissal is deemed the appropriate course, the court must obviously provide sufficiently specific reasons for the disposition such that the potential for amendment may be reasonably evaluated by counsel." *Id.* at 527. Thus, *(Craig) Williams* establishes that there will be circumstances where this court will not evaluate the ineffectiveness claim when the PCRA court has not complied with the notice requirements as set forth in the rules. With these principles in mind, we now address the claims presented by Appellant.

In this case, Appellant raises one alleged guilt phase error. Appellant asserts that trial counsel failed to cross-examine the Commonwealth's main witness, Jerry McEachin, adequately at trial, since he failed to elicit any information regarding McEachin's interest in testifying on behalf of the Commonwealth. Appellant asserts that trial counsel should have inquired into whether McEachin was ever advised or threatened with prosecution for the murder or as an accomplice to the murder of Veranica Hands. This tactic would have demonstrated that McEachin had an interest in testifying against Appellant at trial since he could have been prosecuted for the instant crime.

In reviewing this claim, the PCRA court found it to be without merit, since "there is absolutely no evidence in the record to support defendant's claim that McEachin was involved in the murder of Ms. Hands." Trial court slip opinion at 3. Specifically, the court found that there was no evidence that McEachin had prior knowledge that Appellant was even going to Ms. Hands' home, much less that he was going to rob and stab her. *Id.* Rather, the evidence regarding McEachin only established that he wrongfully attempted to use her MAC card after the murder and there was no information for counsel to cross-examine McEachin about regarding his involvement in the murder. *Id.* at 4.

16

Pursuant to the Pennsylvania Rules of Criminal Procedure, Appellant was given pre-dismissal notice that his PCRA petition was going to be dismissed. *See* Pa.R.Crim.P. 909, renumbered as noted above. The notice, however, was not specific as to the reasons for the dismissal.[9] The PCRA court, however, dismissed the claim because Appellant had not alleged any basis to establish that this line of questioning by defense counsel would have been proper. Ultimately, the PCRA court dismissed Appellant's claim for lack of proof. Pursuant to *(Craig) Williams*, the PCRA court should have given Appellant notice that his claim was going to be dismissed on this basis so that, if possible, Appellant could have reviewed the claim for the potential for amendment under Rule 909, which gives a petitioner 20 days to respond to the proposed dismissal. See Pa.R.Crim.P. 909(B)(2)(b). Appellant was never given this opportunity. At this juncture, in light of the PCRA court's failure to give Appellant specific pre-dismissal notice regarding this claim, it is premature for this court to review the merits of Appellant's ineffectiveness claim and a remand is appropriate to correct this error.

Appellant's remaining claims relate to errors in the penalty phase. Appellant first asserts that trial counsel was ineffective for failing to object to the prosecutor's implication that Appellant could be paroled if he received a life sentence. Related to this claim, Appellant asserts that the PCRA court should have held a hearing regarding this claim.

Appellant's argument regarding the underlying claim of ineffectiveness is specious, since the prosecutor's statements did not imply that Appellant could be paroled if he received a life sentence.[10] This court has indicated that a prosecutor

9. Our review of the record shows that the pre-dismissal notice, which was issued on April 3, 1998, merely states that "the issues raised in the PCRA Petition filed by your attorney are without merit."

10. Unlike the prior claim, this claim can be reviewed, since here, Appellant's claim regarding the prosecutor's statements are taken completely out of context. Although all of Appellant's claims raise similar concerns under *(Craig) Williams* regarding the lack of pre-dismissal notice, we will not remand those claims that involve questions of law which can be resolved on the existing record.

must have "reasonable latitude in fairly presenting a case to the jury and must be free to present his or her arguments with logical force and vigor." *Commonwealth v. Weiss,* 565 Pa. 504, 776 A.2d 958, 968 (2001). The statements cannot be viewed in a vacuum, but must be reviewed in the context in which they were made. *Id.*

In this case, when viewed in context, the prosecutor's statements regarding parole were made in relation to the aggravating circumstance that Appellant had a significant history of convictions for violent crimes. In referring to parole, the prosecutor referred to parole to demonstrate that Appellant's history of violent crimes was "significant" since Appellant was only on parole for a short period of time—"52 days"—before committing additional crimes and that "he broke faith in society when he did that." N.T., 6/29/1998, pp. 61–62. Thus, when the statements are placed in context, the prosecutor's argument had nothing to do with the fact that Appellant could be paroled if he received a life sentence. Appellant's claim is without merit.

Second, with regard to the PCRA court's failure to hold a hearing on this claim, it is well settled that a PCRA court does not need to conduct a hearing on all issues related to counsel's ineffectiveness. Pa.R.Crim.P. 909(B); *see Commonwealth v. Lewis,* 560 Pa. 240, 743 A.2d 907 (2000). A trial court's decision not to hold a hearing will only be reversed where the trial court abused its discretion. In this instance, the merits of this issue could be adequately reviewed based upon the record and it is unclear what purpose an evidentiary hearing would have served. *See Lewis.* Accordingly, Appellant cannot demonstrate that the PCRA court abused its discretion by failing to hold an evidentiary hearing regarding this issue and Appellant is not entitled to relief on this claim.

Appellant's next two claims of error relate to the jury's failure to find any mitigating circumstances at trial. First, Appellant asserts that the trial court improperly suggested that mitigating circumstances must be found unanimously when the jury was asked whether they **"agreed** on any

18

mitigating circumstances?" N.T., 6/29/1998, p. 76 (emphasis supplied). Appellant only raises this claim as one of trial court error. At the collateral review stage, allegations of trial court error are waived, since they were not raised at the first opportunity for review. 42 Pa.C.S. § 9544(b). The only claim Appellant can raise at this stage is one challenging counsel's effectiveness. He has failed entirely to plead and present this claim under the *Pierce* standard of ineffectiveness, i.e., whether trial counsel was ineffective for failing to object to the trial court's statement or to request a clarification of that statement. Accordingly, this claim is not preserved and no further review of this claim is warranted. *See* supra 576 Pa. at 11-14, 838 A.2d at 656–57.

Second, Appellant argues that counsel was ineffective for failing to request that the jury be polled in order to determine whether the jurors understood that mitigating circumstances need not be determined unanimously. It is well settled that an accused has an absolute right to poll the jury after a death verdict has been entered in order to ensure that each juror voluntarily joined in the verdict as written and announced. *Commonwealth v. (Kenneth) Williams*, 537 Pa.1, 640 A.2d 1251, 1266 (1994). This does not mean, however, that a failure to poll the jury amounts to ineffective assistance of counsel in the absence of other factors. *Id.* In *Williams*, this court concluded that because the verdict slip contained the signatures of all twelve jurors and "Appellant has demonstrated no error or prejudice" as a result of the failure to poll the jury, counsel was not ineffective.

In this case, the PCRA court concluded that:

Under these circumstances, with written evidence of the jury's determination, i.e., each of the twelve jurors signed the verdict sheet, failure to poll the jury and/or failure to produce psychological, school or work records could hardly have affected the outcome of the case.

PCRA court opinion at 6. Implicit in this decision is that Appellant failed to demonstrate error or prejudice from trial counsel's inaction.

As noted previously, however, the PCRA court failed to give Appellant specific pre-dismissal notice as required by Rule 909. *See* supra 576 Pa. at 14-15, 838 A.2d at 658. If the PCRA court had given Appellant notice that it was dismissing the claim for failing to demonstrate error or prejudice, Appellant would have had the opportunity to review the petition and determine the potential for amendment. Accordingly, we cannot review the merits of Appellant's ineffectiveness claim and a remand is appropriate to correct this error. *(Craig) Williams.*

Lastly, Appellant alleges that the PCRA court should have held a hearing to determine what mental health mitigation evidence was available to counsel at the time of the penalty hearing. Appellant also argues that he intended to supplement the amended petition with a report from Dr. Allan Tepper regarding possible mitigating circumstances. At the time the petition was dismissed, Dr. Tepper's report was not available as the doctor needed further records.

The PCRA court did not address Appellant's claim regarding mitigation evidence in its opinion denying relief. The only reference to mitigation evidence is quoted above where the PCRA court indicated that in light of the unanimous verdict and the fact that all 12 jurors signed the verdict slip, "the failure to produce psychological, school or work records" could not have altered the outcome of the case. PCRA court opinion at 6. This conclusion ignores the fact that mitigating evidence, if available, could have changed the outcome of the case and implies that regardless of what mitigating evidence was available to and ignored by counsel, he would not be deemed ineffective.

The death penalty statute provides that a sentence of death is proper only when "the verdict must be a sentence of death if the jury unanimously finds at least one aggravating circumstance specified in subsection (d) and no mitigating circumstance or if the jury unanimously finds one or more aggravating circumstances which outweigh any mitigating circumstances." 42 Pa.C.S. § 9711(c)(1)(iv). Accordingly, the

statute provides for two alternative avenues by which the jury can impose death.

In this case, the jury sentenced Appellant to death via the former avenue. Although the trial court presented the jury with all of the statutory mitigating circumstances [11], it found no mitigating circumstances and two aggravating circumstances. Accordingly, the jury imposed the sentence of death. *Id.* The PCRA court's opinion eliminates the possibility that relevant mitigating evidence may have been enough to have one juror find a mitigating circumstance, at which point the jury would have had to weigh the mitigating circumstance against the aggravating circumstances. Contrary to the implication of the PCRA court's conclusion, it is not self evident that if the jury had to follow the second avenue for imposing a sentence of death—the weighing process—the outcome of the case would not have been affected.

The PCRA court's erroneous conclusion is compounded by its deficient notice of intent to dismiss the instant petition. Accordingly, a remand is warranted under *(Craig) Williams* to the PCRA court to give Appellant the opportunity to evaluate the potential for amending his petition if necessary and to give the PCRA court the opportunity to reconsider Appellant's argument as to this claim.

For the reasons stated herein, we believe a limited remand is necessary to correct PCRA court errors. We caution Appellant that this remand is only for those three issues that we have concluded cannot be reviewed by this court. The remand should not be construed by Appellant as *carte blanche* to raise new claims. The remand is to correct a procedural error and the PCRA should give Appellant the opportunity to review his petition for the potential for amendment and grant amendment of the petition pursuant to *(Craig) Williams.* [12]

11. The trial court read the jury the seven mitigating circumstances. N.T., 6/29/1987 at 66–67.

12. We understand that the PCRA court may be confounded by our opinion today, especially in light of the fact that Appellant has never presented any support for his claims in his petition, his brief to the PCRA court, or his brief to this court. Nevertheless, in light of the

*See (Craig) Williams,* 782 A.2d at 527 ("Where PCRA courts discern the potential for amendment, it is their obligation under Rule [905(B)] to specifically allow the opportunity. . . ."). This court will retain jurisdiction over this matter.

Justice SAYLOR files a concurring opinion in which Justice NIGRO joins.

Justice SAYLOR concurring.

I agree with the majority's decision to remand for compliance with the Pennsylvania Rules of Criminal Procedure governing capital, post-conviction proceedings. *See generally Commonwealth v. Williams,* 566 Pa. 553, 568–69, 782 A.2d 517, 526–27 (2001). It should not go without saying, however, that, by limiting the scope of potential amendments on remand, the majority crafts a narrower rule than that which was implemented in *Williams.*[1] For my part, I remain of the view that consistent application of the criminal procedural rules as developed in *Williams* would further the interests of justice both by identifying ineffective approaches by counsel to post-conviction litigation at the earliest stage, and providing the fullest opportunity for a post-conviction petitioner's one instance of state collateral review to be a meaningful one.

Justice NIGRO joins this concurring opinion.

Rules of Criminal Procedure and the paradigm constructed in *(Craig) Williams,* we are constrained to remand this matter for further proceedings.

1. *Williams'* approach was merely to restore the petitioner to the posture that he was in immediately before the unwarranted dismissal, namely, with his entitlement to adequate pre-dismissal notice intact, and the opportunity to amend limited only by the sound judgment of the PCRA court, exercised in light of the liberal amendment policy. *See generally id.* (citing Pa.R.Crim.P. 1509(C)(1) (now 909(B)(2)(b)), 1509(C)(3)(b) (now 909(B)(2)(c)(ii)), and 1505(a) (now 905(a))).