464

65 A.3d 290

COMMONWEALTH of Pennsylvania, Appellee,

v.

William RIVERA, Appellant.

Supreme Court of Pennsylvania.

Submitted March 12, 2008.

Decided March 25, 2013.

Samuel J.B. Angell, Cristi A. Charpentier, Defender Association of Philadelphia, for Appellant.

Hugh J. Burns Jr., Philadelphia District Attorney's Office, Philadelphia, Amy Zapp, PA Office of Attorney General, Philadelphia, for Appellee.

*ORDER*

PER CURIAM.

**AND NOW,** this 25th day of March, 2013, the June 3, 2004 order of the PCRA court is **VACATED.** For the reasons stated below, the PCRA petition and its amendments are reinstated, and the matter is **REMANDED** to the PCRA court for review and disposition limited to the issues raised in the PCRA petition as amended, including holding an evidentiary hearing on any claim which the court believes raises a material issue of fact and is not resolvable as ·a matter of law, in accordance with applicable rules and decisional law.

On May 14, 2004, in response to Appellant's amended Post Conviction Relief Act ("PCRA") petition, the PCRA court filed a form entitled "Notice of Dismissal" pursuant to Pa. R.Crim.P. 909, indicating that Appellant's petition would be dismissed, offering that "[t]he issues raised in the amended PCRA Petition filed by your attorney are without merit and/or are waived." Significantly, on June 3, 2004, the 20th day after the notice, but still within the time period under Rule 909 in which a petitioner may file a response to a proposed dismissal, the PCRA court issued an opinion and order dismissing the petition. On June 4, 2004, Appellant filed a "Motion for the Court to Rescind its Premature Dismissal of Petitioner's PCRA in Violation of Pa.R.C.P. 909," claiming that his statutory and constitutional due process rights were violated by the court's failure to comply with Rule 909. The PCRA court, on June 10, 2004, denied petitioner's motion.

Rule 909 requires the PCRA court to provide a capital defendant with notice of the court's intent to dismiss the PCRA petition, and further obliges the PCRA court to "state in the notice the reasons for the dismissal." Pa.R.Crim.P. 909(B)(2)(a). Once such notice is delivered to the petitioner, Rule 909 gives the capital defendant 20 days in which to respond and cure the perceived deficiencies. Pa.R.Crim.P. 909(B)(2)(b).

Here, the PCRA court did not give Appellant the full 20 days to respond to its pre-dismissal notice mandated by Rule

909. As the issuance of the PCRA court's opinion was the first time Appellant was notified of the specific reasons for dismissal of his petition, he did not have a meaningful opportunity to "cure" the defects in his petition as contemplated by our rules. *See* Pa.R.Crim.P. 909(B)(2). This non-compliance with the requirements of Rule 909 necessitates a global remand. *See Commonwealth v. Williams*, 566 Pa. 553, 782 A.2d 517 (2001); *Commonwealth v. Rush*, 576 Pa. 3, 838 A.2d 651 (2003).

Appellant's application to file supplemental exhibits is dismissed as moot.

Justice ORIE MELVIN did not participate in the decision of this case.