J-S45013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN LEROY KROL, | |
| Appellant | No. 1288 WDA 2015 |

Appeal from the PCRA Order of July 27, 2015
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000090-2011

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 21, 2016**

Appellant, John Leroy Krol, appeals from the order entered on July 27, 2015 dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  In March 2012, Appellant pled guilty to 12 criminal offenses related to his assault and attempted murder of a female minor.  On direct appeal to this Court, Appellant argued, *inter alia,* that the trial court erred by refusing to permit the withdrawal of his guilty plea.[1] **See Commonwealth v. Krol**, 82 A.3d 1062 (Pa. Super. 2013) (unpublished memorandum).  In that

---

[1]  Appellant's direct appeal raised this claim *via* a brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967).

*Retired Senior Judge assigned to the Superior Court.

appeal, Appellant alleged that the trial court erred when it denied his motion to withdraw his guilty plea and then accepted an involuntary, unknowing, and unintelligent plea. *Id.* at 5-6. On July 11, 2013, this Court denied relief and affirmed Appellant's judgment of sentence in an unpublished memorandum. *Id.* at 8. On March 11, 2014, Appellant filed a *pro se* PCRA petition, alleging, *inter alia*, that he "was misled [and] tricked into a guilty plea in [sic] which [Appellant] did not want. [Appellant] wanted to proceed with [a] plea of not guilty by reason of insanity." PCRA Petition, 3/6/2014, at 4, ¶ 13. The petition did not allege ineffective assistance of counsel. On April 4, 2014, the PCRA court appointed PCRA counsel to represent Appellant. PCRA counsel did not file an amended petition. The PCRA court held a hearing on July 15, 2015, but did not hear any evidence. On July 27, 2015, the PCRA court entered an order denying Appellant relief, on the grounds that the validity of Appellant's claim was previously litigated on direct appeal. This timely appeal followed.[2]

On appeal, Appellant presents one question for our review:

I. Whether the [PCRA] court erred in not holding an evidentiary hearing on [] Appellant's PCRA petition?

Appellant's Brief at 6 (complete capitalization omitted).

_____

[2] Appellant and the PCRA court complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

On appeal, Appellant argues that "[b]y denying [] Appellant the opportunity to testify and make a record as to why he believed his guilty plea was unlawfully induced," he could not meet his burden to show trial counsel rendered ineffective assistance in representing Appellant. *Id.* at 12. As such, Appellant contends the PCRA court erred by denying relief based upon previous litigation. *Id.*

Our Supreme Court determined:

> Our standard of review on appeal from the denial of PCRA relief limits us to examining whether the ruling of the PCRA court is supported by the record and free of legal error. Under the PCRA, appellant bears the burden of proving by a preponderance of the evidence that his conviction or sentence resulted from a violation recognized in 42 Pa.C.S. § 9543(a)(2). Appellant must further demonstrate that the issues he pursues have not been previously litigated or waived. *Id.* § 9543(a)(3). An issue will be deemed previously litigated pursuant to the PCRA if the highest appellate court in which the petitioner was entitled to review as a matter of right has ruled on its merits. A claim will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state post conviction proceeding." 42 Pa.C.S. § 9544(b).
>
> *          *          *
>
> [[C]ollateral claims of trial counsel ineffectiveness deriving from an underlying claim of error that was litigated on direct appeal cannot automatically be dismissed as "previously litigated." Rather, Sixth Amendment claims challenging counsel's conduct at trial are analytically distinct from the foregone claim of trial court error from which they often derive, and must be analyzed as such. To succeed on a claim of counsel ineffectiveness, of course, the defendant must rebut the presumption of competence and demonstrate both ends of the performance and actual prejudice test outlined in *Strickland v. Washington*, 466

> U.S. 668 (1984) and *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

*Commonwealth v. Puksar*, 951 A.2d 267, 271, 274 (Pa. 2008) (some case citations omitted).

Our Supreme Court has previously determined:

> [I]t is settled law that a [PCRA] petitioner must plead and present argument regarding trial counsel's conduct. Specifically, [the] petitioner must assert that the claim is of arguable merit, that counsel had no reasonable trial strategy to pursue the chosen course of action, and that but for the act or omission in question, the outcome of the proceeding would have been different. If the petitioner has failed to make this pleading or presentation to the court, he has not preserved his claim.
>
> On the other hand, when the petitioner has pled and presented trial counsel's ineffectiveness pursuant to [the three-prong test above, an appellate court] will review the claim to determine whether he has proved trial counsel's ineffectiveness. It is the petitioner's burden to prove all three prongs of the ineffectiveness test.

*Commonwealth v. Rush*, 838 A.2d 651, 657 (Pa. 2003).

In his PCRA petition, Appellant baldly claimed that he "was misled [and] tricked into a guilty plea[, because he] wanted to proceed with the plea of not guilty by reason of insanity." PCRA Petition, 3/6/2014, at 4, ¶ 13. However, in that PCRA petition, Appellant did not plead and prove the three prongs of the test for counsel ineffectiveness with regard to his guilty plea. In fact, the PCRA petition does not mention counsel at all. Hence, we conclude that Appellant failed to preserve an ineffectiveness claim for purposes of appellate review. *See Rush*, 888 A.2d at 657. Moreover,

Appellant's effort to raise an ineffectiveness claim for the first time on appeal is unavailing. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Thus, Appellant waived his derivative claim alleging that plea counsel was ineffective.

Turning now to Appellant's freestanding challenge to the validity of his guilty plea, our review of the certified record in this matter reveals that this Court considered the merits of this claim in the context of Appellant's direct appeal. *See Commonwealth v. Krol*, 82 A.3d 1062 (Pa. Super. 2013) (unpublished memorandum) at 5. At that time, we determined that Appellant's guilty plea challenge was wholly frivolous. *Id.* at 8. Because this Court reviewed the merits of Appellant's plea challenge during the course of direct review, the PCRA court did not err in dismissing Appellant's current PCRA petition as previously litigated.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016

- 5 -