J. S07042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
SHAWN WINTERS, : No. 1329 EDA 2017
:
Appellant :


Appeal from the PCRA Order, March 17, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006675-2009


BEFORE: BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 01, 2018**

Shawn Winters appeals from the order of March 17, 2017, issued by

the Court of Common Pleas of Philadelphia County that dismissed his PCRA[1]

petition without a hearing. After careful review, we affirm.

The factual history of this matter as recounted by the PCRA court is as

follows:

> On or around February 9, 2009 Lynda Collazo (the
> decedent) was shot in the head in an alley in
> Philadelphia. According to the decedent's partner, at
> the time of the murder [appellant] was the
> decedent's drug supplier. On the night of the
> murder, [appellant] called the decedent to set up a
> drug deal, and picked her up from her house.
> Instead of dealing with the decedent directly and at
> her home as he had done before, [appellant] was to
> facilitate a drug deal in a remote location between
> the decedent and a third party whom she had never

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

met. [Appellant] then took her to the 400 block of West Abbotsford Street, Philadelphia. Matthew Burse was already in the vicinity. Burse testified that he also expected to purchase marijuana from [appellant] that evening, and did not serve as [appellant's] connection to the unknown third-party drug dealer, as [appellant] asserted. Burse testified that [appellant] instructed him to wait in his own vehicle nearby as [appellant] and the victim went into the alley to retrieve the marijuana. After he saw [appellant] and the victim enter the alley, he heard gunshots and witnessed [appellant] running out of the alley. [Appellant's] cell phone was found in the alley, 20 feet from the decedent's body, and, at trial, [appellant] admitted that he fled the scene immediately after the shooting. Burse testified [appellant] told him a few days later that he, [appellant] had shot the victim.

Trial court opinion, 8/4/17 at 2-3 (citations to record omitted).

The trial court also set forth the following procedural history:

On July 21, 2010, following a capital jury trial before this Court, [appellant] was found guilty of murder of the first degree (H-1).[2] On July 22 and 26, 2010, after a penalty phase hearing, the jury found that there were two aggravating circumstances and one mitigating circumstance, and that the aggravating circumstances did not outweigh the mitigating circumstance, and that therefore [appellant] should receive a sentence of life imprisonment. On that same day, this Court sentenced [appellant] to life imprisonment without parole.

On July 30, 2010, [appellant] filed post-sentence motions, which were denied by this Court on November 24, 2010. [Appellant] filed a timely notice of appeal on December 23, 2010. On April 30, 2012, Superior Court affirmed the judgment of sentence.[Footnote 6] On August 28, 2012, our

---

[2] 18 Pa.C.S.A. § 2502(a).

> Supreme Court denied [appellant's] petition for allowance of appeal.[Footnote 7].
>
>> [Footnote 6] ***Commonwealth v. Winters***, 3[48]9 EDA 2010, slip op. (Pa.Super. Apr. 30, 2012) (memorandum opinion).
>>
>> [Footnote 7] ***Commonwealth v. Winters***, 265 EAL 2012, slip op. (Pa. Aug. 28, 2012).
>
> On October 16, 2013, [appellant] filed a timely ***pro se*** PCRA petition. Counsel was appointed, entering his appearance on August 14, 2014. On June 12, 2016, counsel filed an amended PCRA petition (Amended Petition). On September 2, 2016, the Commonwealth responded to the Amended Petition with a Motion to Dismiss. After reviewing the pleadings, on February 1, 2017, this Court sent [appellant] notice of its intent to deny and dismiss his claim without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice). A response to this Court's 907 Notice was filed February 15, 2017, and, after reviewing it, this Court nevertheless dismissed [appellant's] petition, on March 17, 2017. This timely appeal followed.

Trial court opinion, 8/4/17 at 1-2 (footnotes 1-5, 8, and 9 omitted).

On April 18, 2017, the trial court ordered appellant to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on May 8, 2017. The trial court issued its Pa.R.A.P. 1925(a) opinion on August 4, 2017.

Appellant presents the following issues for this court's review:

> I. Did the PCRA Court err when it failed to grant a hearing and where [appellant] properly pled, and would have been able to prove, that trial counsel was ineffective for having failed to

object to the jury charge concerning accomplice liability?

II. Did the PCRA Court err when it dismissed without a hearing and without granting relief where [appellant] properly pled and would have been able to prove that he should have been awarded a new trial as the result of ineffective assistance of counsel when counsel failed to request a jury instruction on "corrupt source," thus denying [appellant] due process under the Pennsylvania and Federal Constitutions?

Appellant's brief at 3.

Initially, we recite our standard of review:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007).

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of

> material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

***Turetsky***, 925 A.2d at 882, quoting ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004).

Appellant raises two claims of counsel ineffectiveness. First, he argues that his trial counsel was ineffective because he failed to object to the jury charge concerning accomplice liability. Second, appellant contends that his trial counsel was ineffective because he failed to request a jury instruction on a "corrupt source" which resulted in a denial of appellant's right to due process under the Pennsylvania and United States constitutions. For the reasons discussed ***infra***, we find that neither contention has arguable merit.

> The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219, 1222 (Pa.Super.2004), ***appeal denied***, 582 Pa. 695, 871 A.2d 189 (2005). To establish a claim of ineffective assistance of counsel, Appellant must demonstrate (1) the underlying claim is of arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate Appellant's interest; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa.Super.2005), ***appeal denied***, 583 Pa. 680, 877 A.2d 460 (2005) (internal citations omitted); ***Gonzalez***, ***supra***. The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Rush***, 576 Pa. 3, 838 A.2d 651 (2003). "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for

> the assertion of ineffectiveness is of arguable merit. . . ." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super.2004).

***Commonwealth v. Taylor***, 933 A.2d 1035, 1041-1042 (Pa.Super. 2007), ***appeal denied***, 951 A.2d 1163 (Pa. 2008).

Initially, appellant asserts that he was prosecuted as a lone defendant, the Commonwealth's theory was that appellant acted alone, and neither the Commonwealth nor appellant's counsel introduced any evidence to the contrary. However, the trial court chose to give the instruction regarding accomplice liability, and appellant's counsel failed to object, which rendered appellant's counsel ineffective. (Appellant's brief at 9.)

Section 306(c) of the Crimes Code defines accomplice liability as follows:

> **Accomplice defined.--**A person is an accomplice of another person in the commission of an offense if:
>
> (1)    with the intent of promoting or facilitating the commission of the offense, he:
>
> > (i)    solicits such other person to commit it; or
> >
> > (ii)   aids or agrees or attempts to aid such other person in planning or committing it; or
>
> (2)    his conduct is expressly declared by law to establish his complicity.

18 Pa.C.S.A. § 306(c).

"Accomplice liability may be established by circumstantial evidence. Only the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice. No agreement is required, only aid." *Commonwealth v. Mitchell*, 135 A.3d 1097, 1102 (Pa. Super. 2016) (internal citations and quotations omitted). A person's mere presence at the crime scene by itself does not constitute complicity. *Commonwealth v. Manchas*, 633 A.2d 618, 627 (Pa.Super. 1993).

Appellant argues that the trial court erred when it gave the instruction on accomplice liability and that his trial counsel was ineffective when he failed to object to the instruction. Appellant asserts that as there was no factual or legal basis for the instruction, his counsel was ineffective for failing to object to the instruction. He also argues that he suffered prejudice because the instruction gave the jury the opportunity to find him guilty based on a legal theory that was inapplicable and that the Commonwealth had not pursued.

In its opinion, the trial court reasoned:

> While the Commonwealth's theory at trial asserted that [appellant] was guilty of the victim's murder as the principal, evidence was also presented from which the jury could have found that [appellant] was instead an accomplice of another person in a plan to kill the victim. The evidence showed that [appellant] had called the victim on the night of her death and drove her from her home to the scene of the

shooting under the guise of helping her to purchase two pounds of marijuana. [Appellant] admitted that he facilitated the alleged drug deal between the victim and a third party, whom neither he nor the victim had ever met, in a remote location, instead of dealing with the victim directly and at her home as he had done on previous occasions. [Appellant] also admitted that he led the victim towards the alley where she was shot in the face multiple times at close range. [Appellant's] cell phone was found 20 feet from the victim's, and [appellant] admitted that he had immediately fled the scene after the shooting. When initially questioned by police as to when [appellant] had last seen the victim [appellant] lied.

On July 20, 2010, after the defense closed its case, the Commonwealth requested that the Court also charge the jury on murder of the third degree and accomplice liability based on the possibility that the jury could accept trial counsel's argument that [appellant] was not the shooter, but still consider that he was an accomplice in a plan to kill the victim. The Court granted the Commonwealth's request, noting that the evidence discussed *supra* and trial counsel's defense theory, which asserted [appellant] had not shot the victim and was not involved, warranted charging the jury on accomplice liability.

In his petition, [appellant] argued that, due to the fact that the jury acquitted him of the firearms offenses, the jury must have found him guilty on a theory of accomplice liability, and that he was therefore prejudiced by counsel's failure to object to the accomplice liability instruction. As the issue of "inconsistent verdict" has already been dismissed by Superior Court, this Court cannot reconsider it. *Winters*, 3849 EDA 2010 at 6. Superior Court also concluded that there was sufficient evidence to enable the jury to properly find [appellant] guilty of first-degree murder as the principal shooter. *Id.* at 5-7. Additionally, [appellant] suffered no prejudice even if he was convicted as an accomplice, as he would be equally criminally liable, and defendants

can be convicted as accomplices even if only charged as principals. ***Commonwealth v. Potts***, 566 A.2d 287, 293 (Pa.Super. 1989) (holding defendants suffer no prejudice for being convicted as accomplices even if Commonwealth does not initially charge on accomplice liability)[.]  As long as the theories at trial link defendant and another in the commission of the crime, defendant has adequate notice, and is thus not prejudiced. ***Id.***  Here, it was [appellant] who injected the theory of another person into the case.  Therefore, because [appellant] did not establish that he was prejudiced when counsel did not object to this Court's accomplice liability charge.

Trial court opinion, 8/4/17 at 4-6 (citations to record omitted; footnotes omitted).

Appellant argues that there was no evidence of collusion or accomplice liability and that if there had been, the Commonwealth would have pursued it.  Appellant asserts that the mere fact that his attorney argued that someone else could have killed the victim is of no moment because, if appellant did not do it, of course, somebody else did and that would not make appellant an accomplice.

Based on the record before this court, appellant did not establish that he suffered prejudice as the trial court specifically instructed the jurors to only find appellant guilty as an accomplice "if he intended to bring about the crime or to assist in bringing about the crime in some fashion."  (Notes of testimony 7/21/10 at 148.)  It is presumed that the jurors followed the instructions of the trial court. ***Commonwealth v. Busanet***, 54 A.3d 35, 65 (Pa. 2012).  The jury would only find appellant guilty under an accomplice

theory if his actions fit the elements of the crime. Consequently, appellant did not establish prejudice.

However, while the Commonwealth put forth the theory that the evidence at trial established that appellant was guilty of murder as the principal, there was evidence presented which could lead the jury to find that appellant was an accomplice of another person in a plan to kill the victim. Based on the evidence presented, the jury could conclude that appellant enticed the victim to come with him to purchase marijuana in an alley from someone she had not met before and then that person or some other party shot the victim. A jury could have concluded that appellant was involved in arranging for the victim to be at the alley where someone else could have shot her. Given these facts, it was not inappropriate for the trial court to give the accomplice liability charge. *See Commonwealth v. Harper*, 660 A.2d 596, 599 (Pa.Super. 1995) (accomplice liability instruction was proper where Commonwealth focused on defendant as shooter but did not expressly reject accomplice liability and witnesses testified that two males participated in the shooting). As a result, counsel was not ineffective for failing to object to the instruction as it was not improperly given.

Appellant next contends that appellant must be awarded a new trial as the result of ineffective assistance of counsel when counsel failed to request a jury instruction of "corrupt source" which denied appellant due process under the Pennsylvania and Federal Constitutions. Appellant asserts that

the only possible accomplice was Matthew Burse, and, if he were an accomplice, the trial court had an obligation to charge the jury on corrupt source.

In **Commonwealth v. Williams**, 732 A.2d 1167 (Pa. 1999), the Pennsylvania Supreme Court explained a corrupt source charge:

> With respect to the corrupt source charge, it is well established that, in any case in which an accomplice implicates the defendant, the trial court should instruct the jury that the accomplice is a corrupt and polluted source whose testimony should be considered with caution. The charges indicated in cases in which the evidence is sufficient to present a jury question with respect to whether the Commonwealth's witness is an accomplice. Such a jury question is present when the witness could be indicted for the crime for which the accused is charged. A person may be indicated as an accomplice where the evidence established that he "knowingly and voluntarily cooperated with her aides and other in the commission of a crime" with intent to assist the principal.

**Id.** at 1181 (citations omitted).

Appellant asserts that when the trial court issued a charge on accomplice liability, the trial court should have issued a charge on corrupt source.

The trial court explained its decision as follows:

> It is well settled that whether to request additional points for charge is one of the tactical decisions within the exclusive province of counsel. **Commonwealth v. Derk**, 719 A.2d 262, 265 (Pa. 1998), *citing* **Commonwealth v. Sullivan**, 299 A.2d 608, 610 (Pa. 1973). "Generally, where matters of strategy and tactics are concerned, counsel's

assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." ***Commonwealth v. Puksa***, 951 A.2d 267, 277 (Pa. 2008), *citing* ***Commonwealth v. Miller***, 819 A.2d 505, 517 (Pa. 2002)[.] Courts are instructed to "scrupulously follow the presumption that attorneys act in the interests of their clients, and insist that [petitioner] meet his burden of proving that his attorneys had no reasonable basis for their action." ***Commonwealth v. Watson***, 565 A.2d 132, 139 (Pa. 1989).

In a criminal trial where a Commonwealth witness is an accomplice of the accused in a crime for which the accused is being tried, a "corrupt source" instruction advises the jury that accomplices often attempt to falsely place blame on another in hopes of obtaining favorable treatment. Pa. SSJI (Crim) § 4.01. In light of this reality, a "corrupt source" instruction advises the jury that the witness' testimony should be treated with "disfavor because it comes from a corrupt and polluted source." ***Id.*** A "corrupt source" instruction is only warranted in cases where there is sufficient evidence to present a jury question with respect to whether the witness in question **was** an accomplice to the crime charged. ***Commonwealth v. Collins***, 957 A.2d 237, 262 (Pa. 2008).

At trial, [appellant] presented a consistent theory of defense asserting that he had no role in the killing: [Appellant] testified that he drove the victim to the scene for the purpose of facilitating a purchase of two pounds of marijuana, and claimed that the victim and Burse entered the alley where the shooting took place to meet a third-party drug dealer. [Appellant] claimed that, after they got to the alley's entrance, he realized he had left his phone in his car, returned to his car to retrieve it, and then returned to the alley with the phone. [Appellant] claimed that he then saw either Burse or the unknown third person shoot the victim in the

head, and that he must have dropped his phone in the alley as he was fleeing back to his car.

Given that [appellant] was on trial for the shooting, a "corrupt source' instruction with respect to Burse's testimony would have suggested to the jury that [appellant] and Burse committed the crime together. ***See Commonwealth v. Spotz***, 716 A.2d 580, 585 (Pa. 1998) ("[A]n accomplice is equally criminally liable for the acts of another if he acts with the intent of promoting or facilitating the commission of an offense and agrees, aids, or attempts to aid such other person . . [. .").]  Where counsel's strategy at trial is to assert that a petitioner is **not** involved with the crime, counsel has a reasonable basis for not requesting a "corrupt source" instruction.  ***See Commonwealth v. Williams***, 732 A.2d 1167, 1182 (Pa. 1999) (rejecting claim of counsel ineffectiveness for failure to request a "corrupt source" instruction where counsel argued at trial that defendant was not involved in the killing); ***Commonwealth v. Karabin***, 426 A.2d 91, 93-94 (Pa. 1981) (trial counsel was not ineffective for failing to request a corrupt source instruction, which would have implied that the defendant participated in criminal activity of which he claimed to be innocent, as this would have derogated the defense strategy); ***Commonwealth v. Corley***, 816 A.2d 1109, 1115 (Pa.Super. 2003) (counsel had reasonable basis not to request a "corrupt source" instruction because it would have contradicted the theory of defense, where defendant testified that he had no involvement with the crime). As trial counsel's strategy asserted that [appellant] was not at all involved with the shooting, counsel's basis for not requesting a "corrupt source" instruction was reasonable.   Therefore, this claim fails[.]

Trial court opinion, 8/4/17 at 6-7 (citations to record omitted; emphasis in original).

This court agrees with the trial court that appellant's claim of ineffective assistance of counsel fails. A court should not find that counsel was ineffective if a reasonable basis exists for counsel's decision during the trial. *See Commonwealth v. Derk*, 719 A.2d 262, 265 (Pa. 1998). As the trial court stated, a corrupt source charge to the jury that it should view appellant as an accomplice rather than as someone who had no role in the murder and just took the victim to the alley to conduct a drug transaction would contradict and cast doubt on appellant's primary theory of defense. As counsel's action had a reasonable basis to support the interest of his client, appellant, counsel was not ineffective when he failed to request the instruction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/18