J. S12033/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BLAINE THOMAS MEASE, | : | No. 1565 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 21, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0006027-2015

BEFORE:  LAZARUS, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 06, 2018**

Blaine Thomas Mease appeals the order of September 21, 2017, issued by the Court of Common Pleas of Philadelphia County that denied his amended PCRA[1] petition.  After careful review, we affirm.

The factual and procedural history of this matter, as recounted by the PCRA court, is as follows:

> By Criminal Information docketed to No. 6027 of 2015, [appellant] was charged with burglary, criminal attempt at simple assault, and criminal mischief.[Footnote 1]  The charges arose from an incident on December 7, 2015, where [appellant] entered the victim's apartment without permission with the intent to commit the crime of simple assault.  [Appellant] kicked the victim's door in and attacked the victim.

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[Footnote 1] 18 Pa.C.S.A. § 3502(1)(1), 18 Pa.C.S.A. § 901(a), and 18 Pa.C.S.A. § 3304(a)(5), respectively.

After arraignment in the Court of Common Pleas of Lancaster County, [appellant] entered a plea of *nolo contendere* to the charges of burglary and criminal attempt. The criminal mischief charge was to be *nolle prossed*. There was no agreement as to sentencing. The plea was presented on August 8, 2016, and, after an on-the-record colloquy, the plea was accepted and sentencing was deferred pending the completion of a pre-sentence investigation.

On November 9, 2016 [appellant] received the following sentence: 1-1/2 to 5 years' incarceration for the burglary charge; and 6 to 24 months' incarceration for the criminal attempt at simple assault. These sentences were ordered to run concurrently with each other. At the conclusion of the sentencing hearing, [appellant] acknowledged his post-sentence rights and indicated he had no questions for the [c]ourt regarding his sentence or his post-sentence rights. [Appellant] filed neither post[-]sentence motions nor a direct appeal from the above judgment of sentence. [Appellant] was represented at the *nolo contendere* plea and sentencing hearing by privately retained counsel, Tilman P. Larson, Esquire.

On March 20, 2017, [appellant] *pro se* filed a motion to modify and reduce sentence *nunc pro tunc*, which this Court deemed a petition for post[-]conviction collateral relief. In the motion, [appellant] alleged a failure by his trial counsel to file post-sentence motions and a direct appeal. Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, Vincent J. Quinn, Esquire, was appointed to represent [appellant] on his collateral claims. After consulting with [appellant], Attorney Quinn filed an amended petition on May 15, 2017, which represented that Attorney Larson was ineffective for failing to perfect an appeal of the plea and sentencing allegedly requested by [appellant].

> The Commonwealth conceded the necessity of an evidentiary hearing to adequately address this issue. Accordingly, an evidentiary hearing was held via videoconferencing on July 21, 2017.

Trial court opinion, 9/21/17 at 1-3 (citations and other footnotes omitted).

At the July 21, 2017 hearing, appellant called as a witness his attorney at trial, Tilman P. Larson, Esq. ("Attorney Larson"). Attorney Larson testified that he met with appellant after sentencing and asked him if he had any questions about what had just occurred, if he wanted to appeal, if he would pay the remainder of the fee owed to Attorney Larson, and informed appellant that he would contact the mother of his two children to let her know the result. (Notes of testimony, 7/21/17 at 8-9.) With regard to the possibility of an appeal, Attorney Larson recalled the following:

> The second item that we discussed, I asked him if he wanted to appeal, and he said, well, it's not worth it. And I reminded him of the colloquy that he and I had discussed for an hour and a half before he pled and reminded him that it would be difficult, but if he wanted to appeal, he could. And I received no further indication from him that he wanted to appeal.

*Id.* at 8.

On cross-examination, Attorney Larson stated that he would have filed an appeal had appellant asked him to do so. (*Id.* at 11.)

Appellant testified that when he spoke with Attorney Larson after sentencing, Attorney Larson was primarily concerned with obtaining the remaining $800 that appellant owed to Attorney Larson. (*Id.* at 15.) Appellant testified that Attorney Larson did not discuss filing post-sentence

motions and did not recall Attorney Larson's discussing the filing of an appeal. Appellant did not remember any discussion about the commencement of the appellate process. (*Id.*) On cross-examination, appellant admitted that he did not ask Attorney Larson to file an appeal. (*Id.* at 17.)

By order dated September 21, 2017, the PCRA court denied the amended PCRA petition. The PCRA court found Attorney Larson credible and did not accept appellant's testimony that Attorney Larson failed to confer with him regarding the filing of an appeal. (Trial court opinion, 9/21/17 at 9.)

Appellant filed a notice of appeal on October 3, 2017. On October 4, 2017, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on October 12, 2017. On October 17, 2017, the trial court filed its memorandum opinion, pursuant to Pa.R.A.P. 1925(a), in which it stated that it would rely on its opinion of September 21, 2017.

Appellant raises the following issue for this court's review: "Whether the [PCRA] court erred in denying [appellant's] amended PCRA [petition] when he was denied his right to an appeal as a result of his ineffective assistance of counsel?" (Appellant's brief at 4 (full capitalization omitted).)

Initially, we recite our standard of review:

> This Court's standard of review regarding an order
> denying a petition under the PCRA is whether the

> determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007).

> The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219, 1222 (Pa.Super. 2004), ***appeal denied***, 582 Pa. 695, 871 A.2d 189 (2005). To establish a claim of ineffective assistance of counsel, Appellant must demonstrate (1) the underlying claim is of arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate Appellant's interest; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa.Super. 2005), ***appeal denied***, 583 Pa. 680, 877 A.2d 460 (2005) (internal citations omitted); ***Gonzalez***, ***supra***. The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Rush***, 576 Pa. 3, 838 A.2d 651 (2003). "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit. . . ." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

***Commonwealth v. Taylor***, 933 A.2d 1035, 1041-1042 (Pa.Super. 2007),

***appeal denied***, 951 A.2d 1163 (Pa. 2008).

> It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights. ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999). Where a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights. ***Roe v. Flores-Ortega***, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); [***Commonwealth v. Carter***, 21 A.3d 680, 682-683 (Pa.Super. 2011)]. Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal. ***Roe v. Flores-Ortega***, ***supra***.

***Commonwealth v. Markowitz***, 32 A.3d 706, 714 (Pa.Super. 2011), ***appeal denied***, 40 A.3d 1235 (Pa. 2012).

Appellant contends that the PCRA court's order should be reversed and his direct appeal rights should be reinstated due to the ineffectiveness of Attorney Larson in failing to file an appeal. Appellant concedes that his testimony regarding whether Attorney Larson asked him if he wanted to file an appeal conflicts with Attorney Larson's testimony. Appellant argues that his version of the facts is correct because Attorney Larson is inexperienced, they both agree that Attorney Larson asked about the payment of his fee, and they both agree that Attorney Larson did not mention the filing of post-sentence motions. Essentially, appellant is asking this court to reweigh the facts and reassess the credibility determinations made by the PCRA court. This court is not permitted to do so. A PCRA court's credibility

determinations are binding upon this court, if there is support for those determinations in the record. ***Commonwealth v. Widgins***, 29 A.3d 816, 820 (Pa.Super. 2011). Here, the PCRA court found Attorney Larson credible and accepted his recitation of the past events. The determination is supported by Attorney Larson's testimony. Appellant's claim of ineffective assistance of counsel for failure to file an appeal is of no merit because appellant told Attorney Larson that he did not want to appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2018