J-S83016-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STANFORD ALLEN RUSSELL | : | |
| | : | |
| Appellant | : | No. 507 WDA 2018 |

Appeal from the PCRA Order September 29, 2016
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002015-2013

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    FILED FEBRUARY 19, 2019

Stanford Allen Russell ("Appellant") appeals pro se from the order denying his petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

Appellant assaulted Franki Ross ("Ms. Ross") on August 27, 2013. On April 8, 2014, a jury convicted Appellant of attempted rape by forcible compulsion, simple assault, and harassment.[1] The trial court sentenced Appellant on August 12, 2014, to incarceration for an aggregate term of seven to fourteen years. We affirmed the judgment of sentence. Commonwealth v. Russell, 121 A.3d 1130, 1551 WDA 2014 (Pa. Super. filed April 13, 2015)

_____

[1]   18 Pa.C.S. §§ 901(a), 3121(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

(unpublished memorandum). Appellant did not seek review in the Pennsylvania Supreme Court.

Appellant filed a timely pro se PCRA petition on February 12, 2016. The PCRA court appointed counsel, who filed an amended petition. Orders, 3/3/16 and 3/16/16; Amended PCRA Petition, 8/8/16. The PCRA court conducted a hearing on September 29, 2016, at which PCRA counsel explained Appellant's issues, and trial counsel was present but did not testify. The PCRA court denied Appellant's petition and then discussed PCRA counsel's desire to withdraw and the procedural path forward. N.T., 9/29/16, at 16–18. Appellant agreed to counsel withdrawing and to proceeding pro se. Id. at 18–19, 20–21.

No substantive action appears on the docket until December 30, 2016, when Appellant filed a pro se "Motion for Reinstatement of Appeal Rights, Nunc Pro Tunc, and Scheduling of Grazier[2] Hearing." The trial court forwarded Appellant's pro se motion to PCRA counsel. Letter, 12/30/16. Again, no substantive action appears on the docket until May 22, 2017, when Appellant filed a notice of appeal and a concise statement pursuant to Pa.R.A.P. 1925(b). Because no final order disposing of Appellant's pro se motion appeared on the docket, we quashed the appeal as premature. Order, 8/28/17. In response,

_____

[2] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

- 2 -

the PCRA court entered an order granting Appellant's pro se motion and scheduling a Grazier hearing. Order, 2/26/18.

Following the Grazier hearing on March 13, 2018, the PCRA court determined that Appellant "has made a knowing, intelligent and voluntary decision to represent himself in the within matter[.]" Order, 3/14/18. Additionally, the PCRA court reinstated Appellant's appeal rights and "excused [counsel] from further action to be taken in this case[,]" with the exception of requesting transcripts on Appellant's behalf. Id. This appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following questions for our consideration:

I. Was PCRA counsel ineffective in failing to properly investigate and present witnesses in support of Appellant's claim that trial counsel as ineffective in failing to present these same witnesses? Further, where the PCRA court was informed that Appellant's trial investigator had (to Appellant's reasonable belief) interviewed these witnesses and submitted reports on same, but said reports have never been disclosed to Appellant or PCRA counsel, was PCRA counsel ineffective in failing to further investigate the whereabouts of said investigator or his reports?

II. Where the PCRA court was informed, prior to granting leave of PCRA counsel to withdraw and prior to the filing of this (pro se) appeal, though after the PCRA hearing, that Appellant had discovered additional information and witnesses which relate back to his original PCRA claims and where Appellant's trial investigator had, for the first time, been identified for Appellant (because the P.D.'s Office would/could not identify him previously) and that said investigator's reports on his interviews of witnesses have never been disclosed to Appellant or PCRA counsel, did the PCRA court err in failing to reconsider or stay it's [sic] prior

denial of relief and provide Appellant a meaningful opportunity to obtain and review said reports and present his additional information and witnesses prior to pursuing this appeal?

Appellant's Brief at 3 (emphasis in original).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Appellant's first question assails trial counsel's and PCRA counsel's representation as ineffective. When considering an allegation of ineffective assistance of counsel ("IAC"), we presume that counsel provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) petitioner was prejudiced by counsel's action or omission. Commonwealth v. Johnson, 179 A.3d 1105, 1114 (Pa. Super. 2018) (citing Commonwealth v. Pierce, 527 A.2d 973, 975–976 (Pa. 1987)). Because courts must presume that counsel was effective, the burden

of proving ineffectiveness rests with the petitioner. Commonwealth v. Montalvo, 114 A.3d 401, 410 (Pa. 2015). An IAC claim will fail if the petitioner's evidence fails to meet any one of the three prongs. Commonwealth v. Simpson, 66 A.3d 253, 260 (Pa. 2013).

> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. Id. at 1117–18; Commonwealth v. Albrecht, 554 Pa. 31, 720 A.2d 693, 701 (1998). Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Commonwealth v. Jones, 590 Pa. 202, 912 A.2d 268, 278 (2006).

Commonwealth v. Johnson, 139 A.3d 1257, 1272 (Pa. 2016).

Appellant focuses his IAC claim on PCRA counsel's failure to investigate and present witnesses at the PCRA hearing to support a claim that trial counsel was ineffective in failing to present the same witnesses at trial. Appellant's Brief at 7. "Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." Commonwealth v. Rykard, 55 A.3d 1177, 1190 (Pa. Super. 2012).

> Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

Id. (internal citations and quotation marks omitted).

Here, Appellant has not argued each prong of the three-prong ineffectiveness test for each separate attorney: trial counsel and PCRA counsel. We could remand to allow Appellant to amend his PCRA petition. Commonwealth v. McGill, 832 A.2d 1014, 1024 (Pa. 2003). However, "there is simply no need to remand a PCRA petition when the petitioner has not carried his Pierce burden in relation to the underlying claim of trial counsel's ineffectiveness, since even if petitioner were able to craft a perfectly layered argument in support of his [claim of PCRA counsel's ineffectiveness], the petitioner's claim would not entitle him to relief." Commonwealth v. Rush, 838 A.2d 651, 657 (Pa. 2003). Upon review, we conclude that, even if Appellant were able to craft a perfectly layered argument in support of his claim of PCRA counsel's ineffectiveness, he would not be entitled to relief.

To prevail on a claim of counsel's ineffectiveness for failure to call a witness, an appellant must prove: "(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant." Commonwealth v. Chmiel, 889 A.2d 501, 545–546 (Pa. 2005) (citations omitted). Counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness' testimony would have been beneficial or helpful in establishing the asserted defense. Id.

- 6 -

According to Appellant, Ms. Ross, "who had an extensive [crimen] falsi record . . . had both a motive for falsely accusing Appellant in this instant matter and had previously done so for vindictive reasons." Id. at 7–8 (italics supplied). In an attempt to discredit Ms. Ross, Appellant argues that witnesses Anna Brooks, Brittany Boyd, Thomas Darrell,[3] Stephanie Boyer, Christopher Vance, and Tracy Beard, Appellant's parole officer, would have testified that Ms. Ross had: (1) falsely accused Appellant previously; (2) orchestrated charges to be filed against Thomas Darrell by her cousin; (3) conspired with Sergeant Ryan Reese, with whom Ms. Ross had a sexual relationship, to frame Appellant; and/or (4) publicly threatened to put Appellant in prison. Id. at 8–9. Additionally, Appellant points out that Sergeant Reese "has been investigated and convicted for exchanging favors in his official capacity in quashing charges for sexual favors of female suspects." Id. at 10.

The PCRA court addressed this IAC claim as follows:

> This issue was enquired into during [Appellant's] PCRA hearing on September 29, 2016. [Appellant's] PCRA counsel relayed to the [c]ourt that Brittany Boyd and Stephanie Boyer were unavailable for the hearing but they would have testified to the effect that the victim, [Ms.] Ross, told them that she was going to put [Appellant] in jail just like she had Thomas Darrell. Mr. Darrell was charged with rape in Fayette County at 761 of 2007. PCRA counsel then relayed to the [c]ourt that she spoke with Mr. Darrell, who has since passed away from a drug overdose[;] he stated that, to his knowledge, he was never accused of rape by

_____

[3] We have used the spelling of this witness' surname as it appears in the certified record. N.T. (PCRA Hearing), 9/29/16, at 2.

[Ms.] Ross. The rape accusation was made by a Barbara Jane Hall who, at the time of the allegation, lived with [Ms.] Ross' cousin, Sammy Ross.

This eliminated the necessity to call these three witnesses because no one with the last name Ross made the allegations against Mr. Darrell but it was in fact a person who lived at Sammy Ross' house and that may be why the other witnesses had gotten confused. The claim that trial and PCRA counsel were ineffective in failing to call these witnesses is unfounded as there was no reason to call them because their testimony would not be relevant.

[Appellant] next claims that trial and PCRA counsel were ineffective for failing to call his state parole officer, Tracy Beard, as a witness. [Appellant] claims that [Ms.] Ross had contacted Ms. Beard directly by phone on several occasions and [Appellant] showed Ms. Beard texts sent from [Ms.] Ross to [Appellant] that said she was "going to get back at" [Appellant] because he was not faithful to her. PCRA counsel had spoken with Ms. Beard and [Ms. Beard] stated that she does not have any memory of the phone calls or text messages; if [Ms. Beard] was shown the text messages, she stated that she had no way of verifying who sent the messages.

It was not ineffective of trial or PCRA counsel not to call Tracy Beard as a witness as she had no knowledge of the incident and even if she had knowledge, she could not authenticate the source of the text messages.

PCRA Court Statement in Lieu of Opinion, 6/19/18, at unnumbered 1–2 (internal citations omitted).

Viewing the evidence in the light most favorable to the Commonwealth as the prevailing party, we conclude that the evidence of record supports the factual findings of the PCRA court. Stultz, 114 A.3d at 872. Appellant attached two affidavits to his pro se petition, one by Christopher Vance and one by Stephanie Boyer. Additionally, PCRA counsel attached Stephanie Boyer's affidavit and an unsworn statement by Brittany Boyd to Appellant's

amended petition. Mr. Vance would have testified that Ms. Ross threatened to put him in prison for cheating on her, as she had Mr. Darrell, and that he was available and willing to testify at trial on Appellant's behalf. Vance Affidavit, 1/16/16. Ms. Boyer would have testified that Ms. Ross falsely accused Appellant of assaulting her, but Ms. Boyer did not say that she was available or would have testified at trial. Boyer Affidavit, 1/16/16. Ms. Boyd would have testified that Ms. Ross falsely accused Appellant of assaulting her and boasted about collaborating with Sergeant Reese to frame Appellant and that Ms. Boyd was available and willing to testify at trial on Appellant's behalf. Boyd Statement, 2/15/16.

Armed with the witness affidavits and statement, PCRA counsel advised the court that, after speaking with Thomas Darrell, Brittany Boyd, Stephanie Boyer, and Tracy Beard,[4] PCRA counsel concluded their testimony would not have benefited Appellant's defense:

> Ms. Boyd, we had a serious credibility issue with her as well as some of the information that she provided in her affidavit is incorrect. Ms. Stephanie Boyer . . . did know about the hearing today. . . . I left voice mails and she still did not respond. . . . [B]oth of the witnesses indicated that Ms. Ross had told them that she was going to put [Appellant] in jail just like she had Thomas Darrell. And make him serve some time. . . . [However,] Mr. Darrell confirmed to me that in his, there had never been, to his

_____

[4] To the extent Appellant complains that counsel did not investigate or call Anna Brooks, we conclude that Appellant failed to prove that Ms. Brooks was available, known to counsel, prepared to cooperate, and that she would have testified on Appellant's behalf; nor did Appellant prove how Ms. Brooks' testimony would have benefitted his defense. Chmiel, 889 A.2d at 545–546.

knowledge, any accusations about [Ms. Ross] alleging he harmed her in any way that were ever made in the community. . . .

\* \* \*

I spoke with [Tracy Beard]. She said that she didn't have any immediate memory of [Ms. Ross'] calls [or text messages]. Specifically, if someone had called, she doesn't know whose calling to complain about one of her clients, so she does not take that seriously unless they would have been a victim in the case that . . . she was supervising at the time. Also, that [Appellant] had shown her text messages. She didn't know, could not, if that happened, verify who text messages were made from, by. You know, who sent them.

N.T., 9/26/16, at 2–3, 8.

In light of PCRA counsel's analysis, the PCRA court opined on the record that Appellant did not have "any allegations that would require [trial counsel] to defend his effectiveness at trial. . . ." N.T., 9/29/16, at 11. In response, PCRA counsel asked Appellant if she had addressed all of his issues and stated them correctly; Appellant responded affirmatively. Id. When asked again if Appellant had anything to add to any of the issues clearly represented by counsel, Appellant responded negatively. Id. at 15. Notably, Appellant did not challenge PCRA counsel's characterization of the witnesses' testimony or raise any issues regarding Mr. Vance or the other witnesses. Thus, Appellant's current complaints about uncalled witnesses strike us as disingenuous.

Based on the foregoing, we conclude that Appellant has failed to demonstrate that the proffered witnesses were available and willing to testify and/or that their testimony would have benefitted his defense. Chmiel, 889 A.2d at 545–546. Thus, Appellant failed to meet his burden to prove that trial

counsel was ineffective in failing to investigate and call the proffered witnesses. Because trial counsel was not ineffective, PCRA counsel cannot be deemed ineffective for failing to raise trial counsel's ineffectiveness. See Commonwealth v. Paddy, 15 A.3d 431, 443 (Pa. 2011) ("[B]ecause there was no ineffectiveness of trial counsel, there was no viable claim of ineffective assistance of PCRA counsel."). Accordingly, the PCRA court did not err in concluding that Appellant's IAC claim lacked arguable merit.

Within his first question presented, Appellant also avers that "PCRA counsel was ineffective in failing to locate and interview [the defense] investigator and/or demand the disclosure of that investigator's reports on [witness] interviews—or discover that the interviews were never conducted and, thus, Appellant's claims against trial counsel would be substantiated." Appellant's Brief at 14.

In disposing of this IAC claim, we rely on and adopt as our own, the PCRA court's well-reasoned analysis:

> [Appellant's] next contention is that PCRA counsel was ineffective because she [was] unable to discover the identity of the investigator known only to [Appellant], at the relevant time, as "Joel". The Assistant District Attorney, present at [Appellant's] Grazier Hearing, was able to remember his last name and revealed for the first time that his full name was "Joel Harkins". [Appellant] contends that he gave Mr. Harkins a list of "four or five" witnesses and when a new investigator came to see [Appellant], he told [Appellant] that he had his file. When [Appellant] got to trial, he was told they did not have his witness list and was told it was not in his file. PCRA counsel stated that she was able to review part of [Appellant's] file she recovered from the Public Defender's Office, the other part of the file they retained as work product but the witness list was not present in the portion of the file she was

given. [Appellant] was told he could contact the Public Defender's [O]ffice to investigate that matter further, if he so wished.

[Appellant] claims that Joel Harkins did complete reports on the witnesses that [Appellant] provided to him, however, there is no evidence that such reports actually exist. [Appellant] states he has never seen said reports[.] PCRA counsel reviewed the portion of [Appellant's] file that was not privileged and there was not a witness list or any reports on said witness list present. It is unclear to the [c]ourt how [Appellant] is certain that said reports even exist.

Furthermore, PCRA counsel was not ineffective for her alleged failure to identify the whereabouts of the investigator or his reports because PCRA counsel did her own investigation into [Appellant's] witnesses and revealed that they would not be beneficial to [Appellant's] case.

PCRA Court Statement in Lieu of Opinion, 6/19/18, at unnumbered 2–3 (internal citations omitted). Thus, this IAC claim also fails.

In his second question presented, Appellant argues that the PCRA court erred in denying his request for reconsideration of its original denial of PCRA relief. Appellant's Brief at 15. Appellant bases this argument on his proffer of newly discovered evidence and his inability to obtain the defense investigator's reports.

Shortly after the Grazier hearing, Appellant sent a letter to the PCRA court, asserting that he discovered new witnesses and information, which warranted a stay of the PCRA court's order and a new hearing. Id. at 16; Letter, 3/26/18. On appeal, Appellant specifies that, after the PCRA hearing:

previously named witness, Robert Steindl, was re-located and questioned. [Mr.] Steindl had told a mutual acquaintance prior to trial that (1) he heard [Ms.] Ross boast about framing Appellant and (2) that he had personal knowledge of the relationship

- 12 -

between Appellant's accuser and the particular police detective she collaborated with to frame Appellant. . . . [Mr.] Steindl had also advised that he, in fact, <u>had</u> been interviewed by the investigator and had related this information to him.

Appellant's Brief at 15 (emphasis in original). According to Appellant, Mr. Steindl and his acquaintance could verify that Ms. Ross and Sergeant Reese were in a relationship and collaborated to frame Appellant. Id.

The PCRA court disposed of Appellant's allegation of error as follows:

On March 13, 2018, a video [Grazier] Hearing was held and [Appellant] was informed of his options moving forward with his PCRA appeal. [Appellant] was told that his current motion was to reinstate his appellate rights and that normally on appeal, you do not produce new evidence. [N.T., 3/13/18, at 11.] At the PCRA hearing, as outlined supra, [Appellant's] counsel spoke with [Appellant's] prospective witnesses and determined that the witnesses would not provide helpful testimony.

[Appellant] was made aware that if he found any genuinely new evidence, he would need to make a strategic determination whether or not to drop this appeal and advance a new PCRA based on newly discovered evidence. Id. at 13–14. [Appellant] was informed of the time constraints of filing this current appeal and the process of filing a new PCRA based on newly discovered evidence. Id. at 14. [Appellant] relayed to the [c]ourt that he understood this process. Id.

PCRA Court Statement in Lieu of Opinion, 6/19/18, at unnumbered 3–4.

Upon review, we find support in the record for the PCRA court's identification of the procedural options available to Appellant. At the PCRA hearing, Appellant agreed to counsel withdrawing and to continuing pro se; the PCRA court advised Appellant of the procedure for filing an appeal; and Appellant informed the court that he understood. N.T., 9/29/16, at 17–19, 20–23. Although PCRA counsel did not formally withdraw or file an appeal,

Appellant obtained relief following the Grazier hearing. Therein, Appellant again agreed to the withdrawal of counsel and to continuing pro se; the PCRA court advised Appellant of the procedure for filing an appeal or, alternatively, for filing a serial PCRA petition based on new evidence. Again, Appellant informed the court that he understood. N.T., 3/13/17, at 5–6, 11–15. The PCRA court found that Appellant knowingly waived his right to counsel, reinstated Appellant's appeal rights, and excused PCRA counsel. Order, 3/14/18. Aware that he could file an appeal nunc pro tunc from the denial of his PCRA petition or file a serial petition alleging new evidence, Appellant chose to pursue the instant appeal from the order denying his PCRA petition. Thus, Appellant's claim that the PCRA court erred in refusing to consider new evidence is untenable.

As for Appellant's letter to the PCRA court, Appellant could not rely on Mr. Steindl's statements to support a claim of newly discovered evidence for two reasons. First, Appellant would have had to file a serial PCRA petition, averring "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a). Appellant did not file a serial petition; he pursued the instant appeal. Second, Appellant would have used Mr. Steindl's statements solely to impeach Ms. Ross' credibility; such evidence does not support a claim of newly discovered evidence. See Commonwealth v. D'Amato, 856 A.2d 806, 823 (Pa. 2004) (reciting that,

to obtain relief on a newly-discovered-evidence claim, a PCRA petitioner must establish, inter alia, that the evidence would not be used solely to impeach credibility).

Regarding Appellant's complaint that the PCRA court did not afford him the opportunity to obtain the defense investigator's files, we agree with the PCRA court's analysis:

> [Appellant's] trial was held on April 7, 2014 and his PCRA hearing was on September 29, 2016[. Appellant] had ample time to do his own investigation. [Appellant's] inability to obtain the investigator's reports, which may not even exist, was not a failure of the [c]ourt. If the reports do exist and [Appellant] is able to obtain them, he would be able to file a PCRA based on newly discovered evidence and this [c]ourt will review [Appellant's] motion at that time.

PCRA Court Statement in Lieu of Opinion, 6/19/18, at unnumbered 4.

In sum, we conclude that Appellant's issues do not warrant relief. Thus, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/19/2019