J-S26041-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                         : PENNSYLVANIA
                                                         :

             v.                        :
                                                         :

JERIMIAH LYLE VANTASSEL      :
                                                         :

           Appellant          : No. 1859 WDA 2019

Appeal from the PCRA Order Entered November 21, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002154-2016

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                 FILED JULY 13, 2020

     Jerimiah Lyle Vantassel (Vantassel) appeals from the order entered in

the Court of Common Pleas of Erie County (PCRA court) dismissing his timely

first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.

§§ 9541-9546. We affirm.

I.

     This case arises from Vantassel's conviction of one count each of rape

of a child, sexual assault, involuntary deviate sexual intercourse with a child,

aggravated indecent assault, corruption of minors and three counts of

_____

[*] Retired Senior Judge assigned to the Superior Court.

indecent assault.[1]  The charges resulted from his rape and sexual assault of his then nine-year-old daughter over a four to five month period in his home from December 2015 through May 2016.

Vantassel initially entered a counseled negotiated plea of nolo contendere on May 3, 2017.  Counsel then filed a motion to withdraw from representation, advising the trial court of the total breakdown in their attorney/client relationship and of Vantassel's intention to withdraw his plea. The court granted counsel's motion to withdraw and held a pro se colloquy before Vantassel's scheduled sentencing.  Vantassel averred that he understood that he had the right to be represented by an attorney and stated as follows:

> [The Commonwealth]:  Are you voluntarily giving up your right to be represented by an attorney?
>
> The Defendant:  Yes.
>
> [The Commonwealth]:  Have you been forced or pressured in any way or have any promises been made to you that have influenced your decision to waive your right to be represented by an attorney?
>
> The Defendant:  No.

(N.T. Colloquy, 7/18/17, at 5).  Ventassel explained that if his choice was between representing himself or appointment of counsel from the public

_____

[1] 18 Pa.C.S. §§ 3121(c), 3124.1, 3123(b), 3125(b), 6301(a)(a)(ii) and 3126(a)(7), respectively.

defender's office, he believed it was in his best interest to proceed on his own. (See id. at 9). Vantassel also executed a written waiver of his right to counsel. (See id.).

These waivers notwithstanding, Vantassel applied for representation though the public defender's office on August 28, 2017, and counsel was appointed. The trial court granted Vantassel's motion to withdraw his guilty plea on October 23, 2017, and the case was listed for trial. On November 2, 2017, Vantassel filed a pro se motion requesting to proceed without counsel.[2] Counsel filed a motion to withdraw from representation on the basis that Vantassel fired him. The trial court granted counsel's motion to withdraw.

As a result, the trial court held a second pro se colloquy on November 30, 2017.[3] After inquiry from the trial court regarding each of the factors set

_____

[2] Vantassel filed several pro se documents while represented by counsel, despite the prohibition on hybrid representation. See Commonwealth v. Staton, 184 A.3d 949, 957 (Pa. 2018) ("Our cases have consistently stated that no defendant has a constitutional right to hybrid representation[.]").

[3] A criminal defendant has a constitutional right, necessarily implied under the Sixth Amendment of the U.S. Constitution, to self-representation at trial. See Faretta v. California, 422 U.S. 806 (1975). However, before a defendant will be permitted to proceed pro se, he or she must knowingly, voluntarily and intelligently waive the right to counsel. See Commonwealth v. Blakeney, 946 A.2d 645, 655 (Pa. 2008). To ensure that a waiver is knowing, voluntary and intelligent, the trial court must conduct a "probing colloquy" which is a searching and formal inquiry as to whether the defendant is aware both of the right to counsel and of the significance and consequences of waiving that right. See Commonwealth v. Starr, 664 A.2d 1326, 1335–36 (Pa. 1995). Pa.R.Crim.P. 121(A)(2) provides the following must be addressed during a

forth in Pa.R.Crim.P. 121(A)(2), Vantassel again stated that he was voluntarily giving up his right to counsel and that he had not been forced or pressured into making this decision. (See N.T. Colloquy, 11/30/17, at 3-4). He executed a second written waiver and successfully requested a continuance to prepare for his jury trial. (See id. at 5).

_____

trial court's inquiry into whether a defendant is knowingly waiving his or her right to counsel as follows:

> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Vantassel proceeded pro se to a three-day trial on April 17, 2018, and the jury convicted him of the above-listed offenses. Prior to sentencing on June 5, 2018, the trial court held a third pro se colloquy:

> [The Commonwealth]: Your Honor, out of an abundance of caution, with Your Honor's permission, I think we should do a waiver of counsel for the sentencing.
>
> The Court: Sure.
>
>         *    *    *
>
> [The Commonwealth]: Do you understand you have a right to be represented by an attorney and a right to a free attorney if you can't afford one and meet the eligibility requirements of Erie County Public Defender's office?
>
> [Vantassel]: Yes.
>
>         *    *    *
>
> [The Commonwealth]: . . . [I]t is your desire to go forward without an attorney today, is that correct?
>
> [Vantassel]: Yes.
>
> [The Commonwealth]: All right. And are you doing that of your own free will?
>
> [Vantassel]: Yes.

(N.T. Sentencing, 6/05/18, at 6-8).

When asked to sign the written waiver, Vantassel elected not to sign it and the trial court observed, "if you don't want to sign it, don't sign it. But you have about 50 witnesses in here that heard you say that you understood your rights. . . . Let's note for the record that the defendant is well aware of his rights but is refusing to sign the document[.]" (Id. at 9). The court then

- 5 -

sentenced Vantassel to an aggregate term of not less than sixteen years and nine months nor more than thirty-three and one-half years' incarceration. Vantassel did not file a direct appeal.

On April 3, 2019, Vantassel filed the instant timely pro se PCRA petition. Appointed counsel then filed a supplemental petition. On October 3, 2019, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing[4] and entered an order denying it on November 21, 2019. This timely appealed followed. Vantassel and the PCRA court complied with Rule 1925. See Pa.R.A.P. 1925(a)-(b).[5]

## II.

On appeal, Vantassel advances two claims of trial court error. Vantassel first argues that the trial court expressly deprived him of his right to counsel during the time period leading up to his jury trial and during the trial itself. Although he acknowledges that the trial court conducted multiple colloquies on the record during which he stated his intent to represent himself, he nonetheless contends that he was "coerced" into proceeding pro se because

_____

[4] See Pa.R.Crim.P. 907(1).

[5] We review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. See Commonwealth v. Treiber, 121 A.3d 435, 444 (Pa. 2015).

- 6 -

the trial court did not afford him a viable option in proceeding with counsel who he believed was not offering a vigorous defense.

In his second issue, Vantassel challenges one of the trial court's instructions to the jury in which it issued guidance relating to the credibility of his testimony and that of the victim.[6]  He describes the instruction as prejudicial and "suspect" and claims that it inferred to the jury that he had a motive to lie and fabricate.

_____

[6] Specifically, the trial court instructed:

> Now, the testimony of [the victim], that testimony standing alone, if it's believed by you, is sufficient proof upon which the Defendant can be found guilty of these crimes.  The testimony of a victim in a case such as this, it need not be supported by other evidence to sustain a conviction.  Thus you may find the Defendant guilty if the testimony of [the victim] convinces you beyond a reasonable doubt that the Defendant is guilty.

> Now, the Defendant also took the stand as a witness and in considering the Defendant's testimony you are to follow the general instructions I just gave you concerning the credibility of any witness.  And you should not disbelieve the Defendant's testimony merely because he is a defendant.  But in weighing his testimony, however, you may consider the fact he has a vital interest in the outcome of this case; of course he does, he's the Defendant.  You may take the Defendant's interest into account, just as you would the interest of any other witness along with all the other facts and circumstances bearing on credibility and making up your minds of the weight to give the Defendant's testimony. . . .

(N.T. Jury, 4/19/18, at 79-80).

A.

Before we may consider these issues, we must assess Vantassel's eligibility for relief. To be eligible for relief under the PCRA, a petitioner must plead and prove that his conviction or sentence resulted from one of the circumstances delineated by the PCRA. See 42 Pa.C.S. § 9543 (outlining eligibility requirements for relief).[7] Among these requirements are that the

_____

[7] This section provides in part:

> (a) General rule. To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> \*       \*       \*
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

issue raised be neither previously litigated or waived. An issue is waived for purposes of PCRA review "if the petitioner could have raised it but failed to do so before trial, at trial . . . on appeal, or in a prior state postconviction proceeding." Id. at § 9544(b).

As noted, Vantassel raises two allegations of trial court error. However, "[a]t the collateral review stage, allegations of trial court error are waived, since they were not raised at the first opportunity for review." Commonwealth v. Rush, 838 A.2d 651, 660 (Pa. 2003) (citation omitted). Because those claims that could have been raised on direct appeal but were not, those claims cannot be raised in a PCRA proceeding. See Commonwealth v. Ford, 809 A.2d 325, 329 (Pa. 2002), cert. denied, 540

_____

> (v) Deleted.
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
>
> (vii) The imposition of a sentence greater than the lawful maximum.
>
> (viii) A proceeding in a tribunal without jurisdiction.
>
> (3) That the allegation of error has not been previously litigated or waived.

42 Pa.C.S. § 9543(a)(2)(i)-(viii), (3) (emphases added).

U.S. 1150 (2004) (finding several claims of trial court and constitutional error including petitioner's challenge to jury instructions waived for PCRA purposes).

Vantassel could have raised his claims of trial court error relating to his lack of representation by counsel and the allegedly defective jury instruction by filing a direct appeal, but failed to do so. Therefore, these issues are waived and he is not eligible for relief on these bases on collateral review. See 42 Pa.C.S. § 9543(a)(3); (see also Trial Court Opinion, 10/03/19, at 5) (stating Vantassel waived challenge to jury instruction by failing to raise it in a direct appeal).

Finally, Vantassel's claim the trial court deprived him of his right to counsel leading up to and during his jury trial is clearly belied by the record which reflects that the court held two colloquies before trial and a third at sentencing, where, in each instance, he was specifically asked if he had been forced or pressured in any way to make his decision – to which he responded in the negative. If Vantassel believed he was coerced and induced into waiving counsel because he believed that his counsel was not going to give him a vigorous defense, he did no so inform the trial court at the time he waived counsel despite being asked twice by the prosecutor and once by the trial court whether he had any questions regarding the rights he was giving up.

Further, the jury instruction at issue concerning credibility was not "suspect" as it was drawn from the relevant suggested standard jury instructions[8] and in no way inferred that Vantassel fabricated his testimony.

Order affirmed.

---

[8] Pa. SSJI 4.13B (Crim) CONVICTION BASED ON VICTIM'S UNCORROBORATED TESTIMONY IN SEXUAL OFFENSES – GENERAL provides:

The testimony of the victim standing alone, if believed by you, is sufficient proof upon which to find the defendant guilty in this case. The testimony of the victim in this case such as this need not be supported by other evidence to sustain a conviction. Thus you may find the defendant guilty if the testimony of the victim convinces you beyond a reasonable doubt that the defendant is guilty.

Pa. SSJI 3.09 (Crim) CREDIBILITY OF DEFENDANT AS WITNESS: INTEREST, PRIOR CONVICTION, REPUTATION provides:

1. The defendant took the stand as a witness. In considering the defendant's Testimony, you are to follow the general instructions I gave you for Judging the credibility of any witness.

2. You should not disbelieve the defendant's testimony merely because he is the defendant. In weighing his testimony, however, you may consider the fact that he has a vital interest in the outcome of this trial. You may take the defendant's interest into account, just as you would the interest of any other witness, along with all other facts and circumstances bearing on credibility in making up your minds what weight his testimony deserves.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2020