**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYSHAWN EDWARDS | : | |
| | : | |
| Appellant | : | No. 52 WDA 2021 |

Appeal from the PCRA Order Entered December 21, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008553-2011

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: APRIL 11, 2022**

Rayshawn Edwards appeals from the order denying his Post Conviction Relief Act (PCRA) petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Edwards is currently incarcerated for an aggregate term of twenty to forty years, which followed a non-jury trial wherein he was found guilty of, *inter alia*, third-degree murder. **See** 18 Pa.C.S.A. § 2502(c). On appeal, Edwards singularly challenges the appropriateness of the PCRA court's notice of intent to dismiss his petition. Edwards contends that, in contravention of Pennsylvania Rule of Criminal Procedure 907, the court did not specifically articulate a legally salient basis to dismiss his petition without a hearing. Although the court did issue Rule 907 notice, inclusive of two reasons why it was dismissing Edwards's petition, neither reason referenced, nor even alluded to, the actual contents

---

[*] Retired Senior Judge assigned to the Superior Court.

of the petition. Consequently, we are constrained to vacate and remand this matter for the PCRA court to properly issue Rule 907 notice.

The facts underpinning Edwards's convictions are irrelevant for the purposes of his appeal. However, this matter's procedural history is quite convoluted.

In his direct appeal, this Court affirmed his judgment of sentence, **see Commonwealth v. Edwards**, 1036 WDA 2012 (Pa. Super., filed 7/29/14) (unpublished memorandum), and our Supreme Court denied his petition, seeking to appeal from our decision, in an order dated March 23, 2016. Edwards did not, thereafter, appeal to the United States Supreme Court. **See** U.S. Sup.Ct. Rule 13(1). Accordingly, Edwards's judgment of sentence became final on June 21, 2016, and he had until June 21, 2017, one year later, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1).

Edwards filed the at-issue PCRA petition on May 18, 2017. Concurrent with this submission, Edwards also filed a petition for leave to amend that petition, which was granted. The court allowed for amendment until August 18, 2017.

On November 29, 2017, having received no petition amendment from Edwards, the court issued a notice of its intent to dismiss the May 18, 2017 petition, giving Edwards the ability to respond to the notice within twenty days. In response, Edwards filed a petition for extension of time *nunc pro tunc*, which was denied. Edwards then filed a response to the notice of intent to dismiss and additionally filed an amended PCRA petition. Ultimately, the court

- 2 -

denied Edwards's PCRA petition, additionally finding that Edwards's amended PCRA petition was a nullity for it failing to be timely filed.

Instead of filing a notice of appeal from the order denying his petition, Edwards waited approximately three months before filing a petition for the reinstatement of his appellate rights. Edwards's petition was initially denied, but granted after reconsideration. However, in an attempt to exercise his newly acquired rights and on appeal to this Court, we interpreted this reinstatement petition as a PCRA petition. As such, given the petition's filing date, well after the PCRA's one-year time bar, and the nature of relief that it sought, it was construed as an untimely PCRA petition that did not plead any exception to the PCRA's time bar. *See Commonwealth v. Edwards*, 546 WDA 2018 (Pa. Super., filed 7/3/19) (unpublished memorandum). Therefore, we vacated the order reinstating his appellate rights.

Ultimately, after filing yet another PCRA petition asserting that his former PCRA counsel was *per se* ineffective for prohibiting merit review of his timely PCRA petition, Edwards obtained reinstatement of his right to appeal from the May 18, 2017 petition *nunc pro tunc*. In accordance with this reinstatement, Edwards then filed a timely notice of appeal. The parties have complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925. Hence, this appeal is ripe for review.

On appeal, Edwards's sole question asks:

1. Did the PCRA court err in dismissing [his] initial petition because its notice of intent to dismiss the petition failed to identify any reason to do so?

Appellant's Brief, at 4.

As with any PCRA petition's dismissal, we "examine whether the PCRA court's determinations are supported by the record and are free of legal error." ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013) (citation omitted). In the context of a PCRA court's ability to deny a request for an evidentiary hearing, "such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

Despite the wide latitude given to PCRA courts on its ability to determine whether holding a hearing is necessary, we emphasize that the notice requirement contained in Pennsylvania Rule of Criminal Procedure 907(1) is mandatory. ***See Commonwealth v. Feighery***, 661 A.2d 437, 439 (Pa. Super. 1995). That Rule requires the court to "give notice to the parties of the intention to dismiss the petition." Pa.R.Crim.P. 907(1). In addition, the court "shall state in the notice the reasons for the dismissal." ***Id***. With these dictates in mind, noncompliance with Rule 907(1) requires vacatur of the PCRA court's order dismissing the petition. ***See Commonwealth v. Vo***, 235 A.3d 365, 372 (Pa. Super. 2020).

To elaborate further as to what Rule 907 was designed to effectuate:

The purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a

- 4 -

petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment. The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level. When a PCRA court properly issues Rule 907 notice in compliance with the rules of criminal procedure, an appellant is deemed to have sufficient notice of dismissal.

*Id*. (citations, brackets, quotations, and emphasis omitted).

The gravamen of Edwards's argument is that, even though the court identified its bases for dismissing his PCRA petition in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, "the PCRA court's [initial] notice merely identified that [he] had not filed an amended petition and had not sought further time to do so, neither of which explain why his initial petition was meritless as a matter of law." Appellant's Brief, at 10. As the notice did not identify any material defects *with the petition itself*, we agree.

Unquestionably, Edwards's petition, as it stands, is extremely terse. As best can be discerned, it states, without further elaboration, that he "intends to raise claims of ineffective assistance of counsel and potentially after-discovered evidence that have not been previously litigated." Petition for Post-Conviction Relief and Petition for Leave to Amend, ¶ 5, 5/18/17.

However, in relevant part, the PCRA court's notice of its intention to dismiss indicated that it would dismiss Edwards's petition because of: "Petitioner's failure to file an Amended Post Conviction Relief Act Petition by August, 18, 2017 and; Petitioner's failure to request an extension of time to file the Petition." Notice of Intention to Dismiss, 11/27/17.

While **Commonwealth v. Rush** involves an interpretation of the notice requirements necessary in capital cases, **see** Pa.R.Crim.P. 909[1], we find its text to be persuasive. **See** 838 A.2d 651 (Pa. 2003). There, the PCRA court issued a pre-dismissal notice indicating that "the issues raised in the PCRA petition filed by your attorney [were] without merit." **Id**., at 659 n.9. However, our Supreme Court found that this notice "was not specific as to the reasons for the dismissal." **Id**., at 658-59. Instead, "the PCRA court should have given [that a]ppellant notice that his claim was going to be dismissed [on the *post hoc* and precise basis proffered by the PCRA court] so that, if possible, [a]ppellant could have reviewed the claim for the potential for amendment under Rule 909[.]" **Id**., at 659. As such, given "the PCRA court's failure to give [that a]ppellant specific pre-dismissal notice regarding this claim, it [was] premature for this court to review the merits of [a]ppellant's ineffectiveness claim and a remand [was] appropriate to correct this error." **Id**.

Directly on point, as the purpose of Rule 907 is to apprise the petitioner

---

[1] The wording contained in Rules 907(1) and 909(B)(2)(a) is materially the same. **See** Pa.R.Crim.P. 907(1) ("If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal."); Pa.R.Crim.P. 909(B)(2)(a) ("If the judge is satisfied from this review that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings, … the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.")

of material defects contained within his or her petition, a notice that does not, either explicitly or implicitly, reference the contents of the filing it is attempting to dismiss is inadequate. Stated differently, regardless of how deficient the Commonwealth and PCRA court believe his petition to be, we agree with Edwards that "the PCRA court was obliged to explain why Edwards'[s] *initial* petition was meritless as a matter of law, not why he had procedurally defaulted his ability to file an amended petition." Appellant's Brief, at 17 (emphasis in original).

In its brief, the Commonwealth extensively details why Edwards's petition is insufficient as a matter of law. ***See, e.g.***, Appellee's Brief, at 14 ("[T]he Commonwealth submits that said document did not remotely constitute an adequate PCRA petition as it satisfied none of the above criteria for entitlement to an evidentiary hearing."). The PCRA court parallels this sentiment: "the claims raised by [Edwards] in the original PCRA petition were not reviewable. . . . [Edwards] raise[d] no specific claims of ineffective assistance of counsel." ***See e.g***., PCRA Court Opinion, 7/13/21, at 11. Even assuming these statements to be true, the Commonwealth fails to appreciate that Rule 907(1) notice requires the court to provide a rationale as to why the petition, itself, is inadequate and give a petitioner the ability to respond thereto. ***See id***., at 10 (identifying the PCRA court's admission that, faced with an untimely petition amendment, it "was left to review the timely filed original PCRA petition filed on May 18, 2017").

Cognizant that the ultimate goal of Rule 907(1) notice is to facilitate merit review of the petition by the PCRA court and, correspondingly, that the PCRA court provided no substantive basis to dismiss the petition in its notice, we vacate the order dismissing Edwards's petition and remand. If, upon remand, the court intends to dismiss Edwards's petition without a hearing, it must properly issue Rule 907(1) notice that is referential to the PCRA petition before it. Thereafter, if notice of its proposed dismissal is given, Edwards may respond to that notice within twenty days. **See** Pa.R.Crim.P. 907(1).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/11/2022